## JARVIS vs. McBRIDE.

In an action under secs. 35-37, ch. 22, Laws of 1859, to quiet the title under a tax deed to the south half of the *north-east* quarter of a certain section of land, the answer admits and alleges that the plaintiff is the owner in fee of "said south half of the *south-east* quarter" of said section, "the land mentioned in the complaint," and sets up certain defenses. *Held*, that the misdescription of the land (which was not discovered or urged in the court below) was obviously a clerical mistake; the intention of the pleader was placed beyond doubt by the words "the land mentioned in the complaint;" and the more particular and erroneous description might be rejected as redundant.

In such an action, an averment in the answer that before the day of sale mentioned in the complaint, the defendant "paid the taxes claimed to have been levied upon the land" for the year preceding, "and the whole thereof, together with all charges claimed therewith in full, and that these were the same taxes mentioned in the complaint," is sufficient, without an express averment that the defendant paid said taxes to the officers authorized to receive the same.

A motion to strike out an answer, "and every allegation and part thereof," as sham and irrelevant, is properly denied where any part of the answer is good.

APPEAL from the Circuit Court for *Dane* County.

This was an action, under secs. 35-37, ch. 22, Laws of 1859, to quiet the title to land claimed by the plaintiff under a tax deed executed in November, 1862, pursuant to a sale alleged to have been made April 14, 1857, for the taxes of 1856. The land described in the complaint is "the south half of the *north-east* quarter of sec. 22" in a certain town of said county. The complaint shows that the tax deed was executed to one George Jarvis as assignee of the tax certificate, and that the plaintiff, *Wm. B. Jarvis*, claimed under a deed from George Jarvis. The answer denies that the defendant has any knowledge or inform-

ation sufficient to form a belief as to whether the allegations of the complaint are true, except as afterwards admitted. It then admits and alleges that the defendant is "the owner in fee of said south half of the *south-east* quarter" of said section 22, "the land mentioned in the complaint," and that he has been in actual and exclusive possession of the same since 1855. It then alleges that before the 14th of April, 1857, he "was informed that certain taxes had been attempted to be levied on said land for 1856, and that before said 14th of April, 1857, he paid said taxes so claimed to have been levied on said land for said year 1856, and the whole thereof, together with all charges claimed therewith in full, and that they were the same taxes mentioned in the complaint herein." The answer further alleges certain irregularities in the tax proceedings. The plaintiff moved to strike out the answer, "and every allegation and part thereof," on the ground that it was sham and irrelevant; that the defendant was not allowed by law to make such answer in such an action; and that it was indefinite and uncertain, and the nature of the defense could not be ascertained from it. The motion was denied, and the plaintiff appealed.

*W. J. Lamb*, for appellant:

1. The motion to strike out was made under sec. 14, ch. 125, R. S., and should be granted as to the whole answer, (1.) Because defendant does not answer as to the same tract of land as that described in the complaint. (2.) Because he sets up certain defenses in disregard of clear and express provisions of law. 15 Johns., 381; 9 Wheat., 81. (3.) Because he does not show whether he paid the taxes in question to the proper officer or to some other person. 2. The motion should at least be granted in part, (1.) Because several allegations are clearly irrelevant, yet each of them constitutes a complete defense if allowed to remain on the record. The motion under sec. 14 is our proper remedy. 2 Whitt. Pr. (new ed.), 170–71; 1 id., 643–4; 5 Duer, 690; 11 Abb., 435. (2.) This motion to

strike out is not governed by the strict rule applicable to de-murrers. 11 How. Pr. R., 477; *Baily v. Lane,* 13 Abb., 354.

*Welch & Lamb,* for respondent, to the point that no part of the answer could be struck out under the motion if any part was good and sufficient, cited *Benedict v. Drake,* 6 How. Pr. R., 352; *Blake v. Eldred,* 18 id., 240, 243. 2. To the point that the allegation of payment, before the day of sale, of the very taxes mentioned in the complaint, could not be treated as *sham* or *irrelevant,* they cited *Mier v. Cartledge,* 8 Barb., 75; *Caswell v. Bushnell,* 14 id., 395; *Goedel v. Robinson,* 1 Abb., 116; id., 41; *Harlow v. Hamilton,* 6 How. Pr. R., 478. 3. The first defense is a general denial, under which proof might be made that there was no such deed as that under which plaint-iff claims. This defense might be made under the statute without any deposit being made. 4. The plaintiff is not the grantee named in the tax deed, nor his heir or executor, nor his assignee within the meaning of the statute. He is not, therefore, entitled to the extraordinary privileges attempted to be conferred by the statute. Sec. 35, ch. 22, Laws of 1859. An-other statute (R. S., ch. 86, sec. 7) declares that "every grant of lands shall be absolutely void" if such lands are at the time in the actual adverse possession of another person than the grant-or. These statutes can be harmonized only by interpreting the word "assigns" in the statute of 1859, as referring to such assigns as stand equitably as trustees in place of the original grantee, such as general assignees for the benefit of creditors, &c. Be-sides, "grantee" and not "assign" would have been the proper word, if the legislature of 1859 had intended to abrogate or re-peal the provisions of sec. 7, ch. 86, R. S. "To grant" signi-fies to transfer the property itself; "to assign" signifies to transfer the right to the thing. "Properly an assignment is a transfer of some particular estate or interest in lands, but is usually applied to the transfer of a term of years." Cruise's Dig., Tit. XXXII, "Deed," ch. VII, § 15. "Grantee" means the purchaser of the estate. *Van Rensellaer v. Sheriff of Albany,* 1

Jarvis vs. McBride.

Cow., 509. As to the proper construction and effect of said sec. 7, counsel cited *Lillard v. McGee*, 3 J. J. Marsh., 549 ; *Dubois v. Marshall*, 3 Dana, 336; *Frizzle v. Veach*, 1 id., 211 ; 2 id., 323 ; *Ring v. Grey*, 6 B. Mon., 368 ; *Burhans v. Burhans*, 2 Barb. Ch., 398; *Sherwood v. Barlow*, 19 Conn., 471; 20 id., 262 ; *Michael v. Doe*, 1 Ind., 481 ; *Martin v. Pace*, 6 Blackf., 99; 8 id., 366; *Wellman v. Hickson*, 1 Ind., 581 ; *Sumner v. Stevens*, 6 Met., 337 ; 1 Carter, 481 ; *Dubois v. McLean*, 4 McLean, 486.

*By the Court*, Dixon, C. J. The order of the circuit court in this case must be affirmed. The misdescription of the land in the answer is so obviously a clerical mistake as to require no explanation. It appears that it was not discovered or urged in the court below. Besides, it is described in the answer as " the land mentioned in said complaint," which puts the intention of the pleader beyond all possibility of doubt; and, if need be, we may reject the particular and wrong description as redundant and unnecessary. In the construction of pleadings for the purpose of determining their effect, they are to be liberally construed with a view to substantial justice between the parties. R. S., ch. 125, sec. 21.

The motion was properly denied on other grounds. It goes to the whole answer, and asks that " every allegation and part thereof" be stricken out " as sham and irrelevant." Now if it be conceded that the act (Laws of 1859, ch. 22,) is applicable to the case—that the plaintiff is an " assign" of the grantee named in the tax deed, within the meaning of the thirty-fifth section— still the answer is not wholly bad. The defendant may plead the payment of the tax, before the sale, without the deposit required by section thirty-eight. That was done in this case. The payment of the tax, before the sale, is regularly and sufficiently averred in the answer, and it is no objection that the defendant made no deposit. So far, therefore, the answer is good, and the motion was properly denied. 2 Whit. Pr., 170 et seq.

Order affirmed.