## GRIMMER VS. SUMNER.

TAX DEEDS: *Remedy of ch. 22, Laws of* 1859 : *to what deeds it applied before ch.* 523, *Laws of* 1865.—*Action to quiet title under sec.* 29, *ch.* 141, *R. S., must be by party in actual possession.*

1. The remedy provided by ch. 22, Laws of 1859, to enable the holder of a tax deed to bar and foreclose the interest of the original owner of the land, applied only to deeds executed by the clerk of the *county* board of supervisors, and not to one executed by the officers of a municipal corporation; and no change was made in this respect by sec. 2, ch. 138, Laws of 1861, as amended by ch. 277, Laws of 1861.

2. A provision in the charter of the city of Oshkosh, that all general laws of the state, in force in 1860 or thereafter, *relative to the asessment and collection of taxes*, shall be in force in that city, does not extend the remedy given by said ch. 22 to a deed executed by the treasurer of said city.

3. *Constructive* possession of unoccupied land under a recorded tax deed, will not entitle a party to maintain an action to quiet title under sec. 29, ch. 141, R. S.

APPEAL from the Circuit Court for *Winnebago* County.

This action was commenced March 14, 1865. The plaintiff, by his complaint, claims title to certain land in the city of Oshkosh, under a tax deed executed by the treasurer of said city March 13, 1865, based upon a sale in 1859, for delinquent city taxes of 1858. The judgment demanded is, that the defendant, and all persons claiming under him subsequent to the commencement of this action, may be barred and foreclosed, &c.; and that plaintiff's title may be adjudged to be a good and perfect title in fee simple.

Judgment for the plaintiff; from which defendant appealed.

*C. Coolbaugh*, for appellant.

*Hooper & Bailey*, for respondent.

COLE, J. This action is obviously brought under the provisions of ch. 22, Laws of 1859, to bar and foreclose the interest of the original owner in land sold for taxes. It appears from the copy of the tax deed set forth in or annexed to the complaint, that the sale was made by the treasurer of the city of Osh-

kosh in March, 1859, and that the deed was executed by the same officer in March, 1865. And at the outset the objection is taken, that the special remedy given by the law of 1859 does not apply to a tax deed executed by the officers of a municipal corporation. This objection appears to us to be insurmountable, and fatal to the action.

The remedy given by the law of 1859, by express language, is made applicable only to deeds of conveyance made by a clerk of the board of supervisors of any county. Section 35 provides, that "the grantee named in any deed of conveyance made by a *clerk of the board of supervisors of any county* on the sale of land for the non-payment of taxes, as provided in this act," &c. Section 37 says, the plaintiff in his complaint, among other things, must state "that he claims title to such lands under a conveyance made by a *clerk of a county board of supervisors* under the provisions of this act," &c. This language is too clear and unambiguous to admit a doubt as to what tax deeds the special remedy here given applies to. It only relates to deeds executed by a clerk of the board of supervisors of a county. It was certainly competent for the legislature to confine this remedy to this class of cases, and it has done so in unmistakable terms. It is argued that there is the same reason and necessity for giving this new and peculiar remedy upon a tax deed executed by the officers of a municipal corporation, as upon a deed made by the clerk of the county board of superpervisors. This may be so; but the court cannot, for the purpose of securing this end, extend by construction the law to cases not coming fairly within its meaning and language.

But further, it is insisted that by section 2, chap. 138, Laws of 1861, as amended by chap. 277, Laws of 1861, the remedy given by the law of 1859 is made applicable to deeds executed by the officers of a municipal corporation. Section 2, chap. 138, when amended by chap. 277, would read as follows: "The provisions of sections 35 to 48, inclusive, of the act of

which this is amendatory [chap. 22, Laws of 1859], shall extend and be applicable to all sales and conveyances of land made for delinquent taxes prior to the passage of this act." The more rational construction to be given this amendatory provision, when considered in and by itself, would be to say that it was intended to extend the remedy of the act of 1859 to tax deeds executed by the clerk of the board of supervisors before as well as subsequent to the passage of that law; and was not intended to extend it to all other tax deeds. But we have a legislative construction that such was the purpose and object of this provision; since, by subsequent legislation in 1865, section 35, chap. 22, Laws of 1859, was amended so as to give this remedy upon a tax deed made by the treasurer of any incorporated city or village (chap. 523, Gen. Laws of 1865), which would have been quite unnecessary if the law before had embraced that class of conveyances.

But again, it is insisted that the law of 1859 is extended to this case by virtue of an amendment to the charter of the city of Oshkosh, which declares that all general laws of the state in force in 1860, or thereafter in force, relative to the assessment and collection of taxes, shall be in force in that city. Sec. 2, chap. 163, Priv. Laws of 1860. The remedy, however, given by the law of 1859 is an unusual and peculiar one for foreclosing the interest of the original owner in land sold for taxes, and can hardly be said to be a part of the laws of the state for the collection and assessment of taxes. The proceeding is rather for the benefit of the holder of a particular kind of tax deed, to enable him to perfect his title, than a part of the machinery employed by the state to collect its revenue.

And there is as little ground for saying that the suit can be sustained under sec. 29, chap. 141, R. S. That refers to an action brought by a party in the actual possession of land, and having the legal title, against one claiming an interest therein. It is an action to quiet title. But in this case the complaint

states that the land conveyed by the tax deed is unoccupied. It is true, for the purpose of determining in whose favor the statutory bar would run, we have held in the case of vacant and unoccupied land, that the recording of the tax deed drew after it constructive possession, and was such an assertion of title as would enable the original owner to maintain ejectment against the party claiming under the tax deed. But in order to maintain an action under the above provision of the revised statutes, the plaintiff should be in the actual possession of the premises, having legal title. *Stridde v. Saroni, ante p.* 173.

Finally, it is claimed and argued that a party claiming land under a tax deed, independent of any statute, has the right to maintain an equitable action to settle the question of title. We are at a loss to know under what head of equitable jurisprudence such an action can be sustained. The more suitable forum to settle questions of title to real estate is a court of law. But it is a sufficient answer to this argument *to* say, that this suit is evidently brought under the provisions of the act of 1859. And we have already held that this law does not apply to this deed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.