## FINNEY vs. FORD and others.

TAX DEED, *by city officer*: *Remedy of chap.* 22, *Laws of* 1859, *does not apply—The grantee of a grantee his "assign," under that chapter.—Reversal of judgment, with order to modify.*

1. The decision in *Grimmer v. Sumner* and *Finney v. Akerman* (that a tax deed executed, before chap. 523, Laws of 1865, by a city officer and not by the clerk of the county board, did not entitle the grantee to the remedies provided by chap. 22, Laws of 1859,) followed.

2. Where the plaintiff in an action under that chapter, counted separately upon tax deeds executed by the city treasurer and others executed by the county clerk and the judgment was in his favor on all the courts, this court, instead of modifying the judgment, reverses it, and remands the cause with directions to dismiss the complaint as to the first named counts and render judgment for plaintiff upon the others.

3. The grantee of the grantee in a tax deed is his "assign," within the meaning of sec. 35 of said chap. 22, and may bring the action.

APPEAL from the Circuit Court for *Winnebago* County. The defendants appeal from a judgment for the plaintiff. The case is stated in the opinion.

*Freeman & Hancock*, for appellants, contended, among other things, that a general judgment on several counts, some of which are bad, will be reversed, and a *venire de novo* awarded, citing *Garr v. Gomez*, 9 Wend., 649; *Candler v. Rossiter*, 10 id., 487.

*Hooper & Bailey*, contra, cited R. S., chap. 139, sec. 7; Laws of 1860, chap. 264, sec. 7; *Durkee v. Stringham*, 8 Wis., 1; 12 id., 664; 19 id., 475.

DIXON, C. J.   Action under chap. 22, Laws of 1859, to bar the interest of the original owners, and those claiming under them, in lands sold for taxes.   The suit was commenced and process served in May, 1865; and, the appellants not having appeared or answered, judgment by default was entered on the 1st of July following.   The lands in contro-

versy are within the corporate limits of the city of Oshkosh; and the complaint is upon five several tax deeds, each of which is counted upon separately. Three of the deeds were executed by the clerk of the board of supervisors of the county of Winnebago, and the other two by the treasurer of the city of Oshkosh. The former were within the remedy given by chap. 22, but the latter were not, as was decided by this court in *Grimmer v. Sumner,* 21 Wis., 179, and *Finney v. Ackerman,* id., 268. The defendants bring this appeal, claiming that the judgment should be entirely and absolutely reversed. We are of a contrary opinion. As to the three deeds executed by the clerk of the county board of supervisors, good causes of action are stated, and so far the judgment should be affirmed; but as to the deeds executed by the city treasurer, the complaint contains no cause of action, and the judgment ought to be reversed. The appellants are therefore entitled to a reversal or modification of the judgment as to the two last named supposed causes of action. The costs in this court are the same, whether a judgment is reversed or only modified. Both orders carry full costs. It is more convenient in practice, in cases like this, to wholly reverse the judgment, and remand the cause with directions that the proper judgment be entered, than to partially reverse or modify it. We accordingly reverse the judgment, and remand the cause with directions that the complaint be dismissed as to the two counts upon the tax deeds executed by the city treasurer, and that the plaintiff have judgment upon the other three counts according to the statute and the rules and practice of the court. See *Van Norstrand v. Mansfield,* 16 Wis., 224, and *Hait v. Houle,* 19 Wis., 475.

The plaintiff claims title as grantee of the grantee named in the tax deeds; and a question is made, whether he is within the provisions of section 35 of the act (chap. 22 above cited), which gives a right of action to the grantee

named in any deed of conveyance made by the clerk of the board of supervisors of any county, etc., "his heirs, executors or assigns." We have no doubt that the plaintiff is an "assign," within the meaning of the statute, and as such entitled to avail himself of the remedy.

*By the Court.*—Judgment reversed, and cause remanded with directions accordingly.