## WALS vs. GROSVENOR.

PLEADING. ACTION UNDER R. S., ch. 141, sec. 29. (4) *Plaintiff must be in actual possession.*—*What complaint must aver*, (1, 2) *as to defendant's claim;* (3) *as to plaintiff's title;* (5) *as to his possession.*

1. A complaint which avers that plaintiff is the owner, has legal title to, and is in possession of certain lands, and that defendant *sets up a claim* thereto — and which thereupon demands that defendant be ad-

judged to release all claims to the land and pay the costs of the action — *held* not to state a cause of action.

2. A complaint under sec. 29, ch. 141, R. S., should state facts showing the nature and the invalidity of defendant's claim, and plaintiff's liability to injury in consequence of its assertion.

3. It is *not* necessary in such a complaint to set out plaintiff's chain of title; but an averment that he is the owner in fee simple and in possession is sufficient.

4. The action authorized by said section 29 cannot be maintained except by one who is in the *actual* and *visible* possession of the premises. *Taylor v. Rountree* (28 Wis., 391), as to this point, overruled.

5. Under the code, an averment that plaintiff is in the possession will be construed to allege actual, visible possession.

APPEAL from the Circuit Court for *Ozaukee* County.

The amended complaint in this action alleges that the plaintiff is the owner in fee simple, has the legal title to, and is in possession of certain described premises, and that defendant makes and sets up a claim thereto; and demands judgment that when plaintiff shall have substantiated his title to said land, defendant shall be adjudged to release all claims thereto, etc. The defendant demurred to the complaint as not stating a cause of action; and the plaintiff appealed from an order sustaining the demurrer.

*Geo. W. Foster*, for appellant, contended that sec. 29, ch. 141, R. S.,* is intended to protect the owner of land, in possession, from any claim which may be injurious to its market value, whether he knows the grounds of it or not; and that the complaint is within both the letter and the intent of the stat-

---

*The section here cited reads as follows: "Any person having the possession and legal title to land may institute an action against any other person setting up a claim thereto; and if the plaintiff shall be able to substantiate his title to such land, the defendant shall be adjudged to release to the plaintiff all claim thereto, and to pay costs: unless the defendant shall, by his answer, disclaim all title to such land and give a release to the plaintiff; in which case the defendant shall be entitled to costs, except the court, on a hearing of the cause shall otherwise order or adjudge."

ute.    14 Wis., 467; R. S. of N. Y., Part 3, Title 2, ch. 5; 42 Barb., 304; 2 How. Pr. R., 241; Burrill's App., 1069.

*Mariner, Smith & Ordway,* for respondent, argued that the action provided for by the statute is substantially a bill *quia timet;* and that the complaint should state, (1.) Circumstances showing the nature of defendant's claim, and that it is *illegal,* since there may be claims (as to easements or liens), which are rightful and legal even against the owner of the fee in possession.    *Clarke v. Hughes,* 13 Barb., 151; *Bowie v. Brahe,* 3 Duer, 35–44; 3 Chand., 253; 9 Wis., 402; 14 id., 213, 465; 21 id., 173; *Maxon v. Ayers,* 28 id., 612; *Bracket v. Gilmore,* 15 Minn., 251; *Steel v. Fish,* 2 id., 153; *Bidwell v. Webb,* 10 id., 59; *Meigher v. Strong,* 6 id., 179. (2). Facts showing that plaintiff is in the *actual,* as distinguished from the *constructive,* possession. *Stridde v. Saroni,* 21 Wis., 174; *Lee v. Simpson,* 29 id., 333; *Murphy v. Hinds,* 15 Minn., 183. (3.) *Facts* showing that plaintiff has the legal title. The mere averment that he has such title is not enough. *Ensign v. Sherman,* 13 How. Pr. R., 38. (4.) That defendant's claim is calculated to throw suspicion, if not a cloud. on plaintiff's title (*Ward v. Dewey,* 16 N. Y., 519; *Maxon v. Ayers, supra; Cox v. Cleft,* 2 Coms., 118; *Peirsoll v. Elliott,* 6 Pet., 95; *Allen v. Buffalo,* 39 N. Y., 386); that it is held by defendant *in terrorem*; that an opportunity has been afforded him, prior to the action, to release it, and he has refused or neglected to do so; and that he is not litigating it in any other form, or taking any steps to test its validity. *Stockton v. Williams,* Walker (Mich.), 126. In fine, the complaint should enable the defendant to know what is to be proved against him; the court to know what judgment is to be pronounced according to law; and posterity to know what law is to be derived from the record. *Davy v. Baker,* 4 Burr., 2471; *Miller v. Miller,* 16 Pick., 215.

The following opinion was filed at the June term, 1872.

Cole, J. It seems to us that the pleading in the record hav-

ing on the back thereof the words "amended complaint," and to which the defendant demurred, is insufficient. It merely states that the plaintiff is the owner in fee, and has legal title to, and is in possession of, the lands therein described, and that the defendant makes and sets up a claim thereto ; and demands judgment that the defendant be adjudged to release all claim and pay the costs of the action. What is the nature and character of the defendant's claim does not appear. It may be a valid mortgage upon the property ; or a subsisting judgment lien ; or some other equally valid claim. It is said that the action is brought under section 29, ch. 141, R. S., to remove a cloud upon the title. But we suppose a complaint under that section ought to disclose the nature of the defendant's claim which has a tendency to throw a cloud over the title, and state such facts and circumstances in respect to such claim as show its invalidity, before a court of equity will interfere and direct it to be released and cancelled. The statute evidently refers to an unfounded and illegal claim set up to real estate, which, while it exists, may be used to the injury or annoyance of the owner. The defendant's claim to the real estate owned by the plaintiff may be an entirely valid and proper one, which a court should enforce and not cancel. For there is not a fact or circumstance stated showing its nature, or invalidity, or which would authorize the interference of the court. For this reason we think the complaint fatally defective in not stating the nature of the defendant's claim, and the facts and circumstances showing that the claim is illegal and liable to be used for an improper purpose to the injury of the plaintiff.

Another objection is taken to the complaint, that it nowhere discloses the character of the plaintiff's possession, and the facts showing his legal title. The complaint alleges that the plaintiff is the owner in fee simple, has the legal title, and is in possession. It does not set out the chain of plaintiff's title ; nor do we suppose this to be necessary. The plaintiff, must, of course, on the trial, "substantiate his title" to the land, before he can

have the relief he asks. The averment in the complaint is amply sufficient to enable him to do so, and we cannot imagine any useful end which would be subserved by his setting out in full his title. The allegation in regard to the possession presents a question of more importance. Is it necessary for the complaint to show that a party is in *actual* possession; or is an averment that he has the legal title and is in possession sufficient upon that point? Owing to the vacillation in the decisions of this court upon this statute, this question of pleading is not free from difficulty. Up to the decision in *Grimmer v. Sumner*, 21 Wis., 179, it was assumed that a party, to maintain the action, must be in the actual possession, and that constructive possession was not sufficient. But in the case of *Taylor v. Rountree*, 28 Wis., 391, this court went a step further, and sustained an action under this statute although the plaintiff was not in the open, notorious and actual occupancy of the land, but only had the constructive possession which the law attaches to the legal title. The land in that case was wild and uncultivated, and although there had been occasional acts of ownership exercised over it on behalf of the plaintiff, yet he had no actual visible possession, such as we are now satisfied a party must have in order to avail himself of this equitable remedy. In *Taylor v. Rountree* the defendant was setting up a claim to the land under a recorded tax deed, and the jury found, upon the evidence bearing upon that issue, that there was a good and valid redemption, and we were unwilling to disturb the finding upon that question. The counsel for the defendant pressed the argument with great force, that unless a party was in the actual and open possession and occupancy of land, he was not entitled to maintain the action under this statute, but must resort to his legal remedy under section 3 of this chapter. That section provides that an action for the recovery of real estate, if the premises are actually occupied by any person, shall be brought against such actual occupant: and if the premises are not so occupied, the action must be brought against some person exercising acts

of ownership on the premises claimed, or claiming title thereto or some interest therein at the commencement of the suit. And it was there urged that the putting on record of an ordinary tax deed was such an assertion of title to unoccupied land on the part of the grantee in such deed, that the former owner might maintain an action of ejectment against him, and in that way dispose of his claim ; and that, as the former owner had this complete legal remedy, it was contrary to the fundamental principles of equity to afford the relief contemplated in the 29th section. This argument, however, was overruled. Since the decision there made, further examination and reflection have fully satisfied us that *Taylor v. Rountree* cannot and ought not to stand as the proper exposition of the law, and we seize upon the first opportunity to overrule it. And therefore, after all the light we have been able to gather on the subject, and as the result of our best consideration, we now state that we are entirely satisfied a party can not have the equitable relief afforded by the 29th section unless he has the legal title and is in the actual possession of the land to which the claim is made or " set up " by another. And this being our view of the statute, the question arises, Is a complaint good which does not allege, in respect to the possession, that the plaintiff is in the *actual* and visible possession of the premises? We have come to the conclusion that it is; and that an allegation that the party has the legal title and is in possession of the land is all that it is necessary to aver in respect to the possession. The possession then will be deemed of that character which the statute makes essential to the maintenance of the action; *that is, actual possession.* It may be suggested that the averment that the plaintiff is in possession of the lands, is perfectly consistent with the fact that he only has that constructive possession which follows the legal title. This may be so. But still it is a cardinal rule in the construction of pleadings under the code for the purpose of determining their effect, that the alle-

gations shall be liberally construed with a view to substantial justice between the parties. Sec. 23, ch. 125, R. S., Taylor's ed.; *Jarvis v. McBride*, 18 Wis., 316. And in accordance with the literal meaning and spirit of this rule of interpretation, we feel warranted in assuming that the possession of the plaintiff is an *actual possession*, which is essential and necessary to maintain the action under sec. 29. But, for the defect in the complaint first above considered, the order sustaining the demurrer to the *amended complaint* must be affirmed.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied at the January term, 1873.