GILBERT, Appellant, vs. LOBERG and another, Respondents.

*January 9 — January 30, 1894.*

*Pleading: Counterclaim: Landlord and tenant: Waste: Conversion: Striking out irrelevant matter.*

1. In an action by a landlord against tenants for waste, the defendants may counterclaim for the value of personal property placed by them on the premises during their tenancy, and which the landlord has converted by preventing its removal.
2. A motion to strike out defensive matter is properly denied if any part of the matter so attacked is good.

APPEAL from the Circuit Court for *Shawano* County. The complaint in this action has been before this court upon demurrer, and is reported in 83 Wis. 189. The first

count in the complaint states a cause of action by a landlord against his tenants, under ch. 136, R. S., for waste in removing a barn from the demised premises, and claims double damages therefor.

The answer contains a counterclaim for the conversion by plaintiff of an ice box and ice pan which defendants, during their tenancy, placed temporarily in a. building on the demised premises, and which it is alleged the plaintiff prevented them from removing. The answer also contains a count by way of defense, which alleges, among other things, that the barn was built by defendants and was not a permanent structure attached to the freehold; that there was a custom in the neighborhood which authorized the removal by the tenants of such a building; and that when it was built it was understood between the parties that it might be removed at the termination of the lease.

Plaintiff demurred to the counterclaim generally and because the facts were not pleadable as a counterclaim. Plaintiff also moved to strike out the alleged defense above stated, as irrelevant, immaterial, and redundant. The demurrer and motion were heard together, and from an order overruling the demurrer and denying the motion plaintiff appeals.

For the appellant the cause was submitted on the brief of *Gerrit T. Thorn.*

For the respondents there was a brief by *M. J. Wallrich,* attorney, and *Spooner, Sanborn & Kerr,* of counsel, and oral argument by *J. B. Kerr.*

WINSLOW, J. The first question is whether, in an action by a landlord against his tenants for waste upon the demised premises, the tenants can counterclaim for the value of personal property which they have placed on the premises during their tenancy, and which the landlord has converted by preventing them from removing it. We think

this is a proper subject of counterclaim. The statute (R. S. sec. 2656) allows the defendant to plead as a counterclaim "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action." The fact of the tenancy was an essential fact in the plaintiff's cause of action, without which he could not maintain his action of waste. The subsisting lease was, therefore, the transaction which was the very foundation stone of his claim. It is quite plain that the counterclaim is for the violation of a right which also grew out of the relations established by the lease, and thus is a cause of action arising out of the transaction which is the foundation of plaintiff's claim. Such was the ruling in *Vilas v. Mason*, 25 Wis. 310.

As to the motion to strike out the defensive matter, it is settled that the motion must be denied if any part of the matter so attacked is good. *Jarvis v. McBride*, 18 Wis. 316. That part of the answer which alleges that it was understood that the barn might be removed by the tenants is clearly defensive matter in the way of confession and avoidance, and consequently is properly pleadable.

*By the Court.*— Order affirmed.