13   641
80   327

### HEAD vs. JAMES and others.

Where land is assessed and sold for taxes, as the "north and west part S. E.
¼, sec. 4, T. 4, R. 12, acres 50," the description is so uncertain that the as-
sessment and sale are utterly void, and the tax deed, if one were executed,
would be void, and create no cloud upon the title.
A court of equity will not restrain acts which, when done, injure no one.

APPEAL from the Circuit Court for *Rock* County.
The case is stated in the opinion of the court.

*I. C. Sloan*, for appellant :

A deed containing such a description of land as is set
forth in the complaint, would not create a cloud upon the
plaintiff's title, but would be void on its face, for uncertainty.
2 Ohio, 287 ; 6 and 7 id., 161 ; 15 id., 134 ; 5 Blackf., 51 ; 13
Serg. & Rawle, 151 ; 1 Adams, (N. H.), 93 ; 12 Ill., 409 ; 13
How. (U. S.), 18 ; 4 Pet., 349 ; 3 Iowa, 84. No action will
lie by a party apprehending injury from a deed void on its
face. *Cox vs. Clift*, 2 Coms., 118 ; *Scott vs. Onderdonk*, 14

January Term, 1861.

HEAD
v.
JAMES et al.

N. Y., 9–14; *Ward vs. Dewey*, 16 id., 519; *Lafferty's Lessee vs. Byers*, 5 Ohio, 458.

*Knowlton, Prichard & Jackson*, contra:

Where an instrument is outstanding against a party, which is void, or an unfounded claim is set up which he has reason to fear may at sometime be used injuriously to his rights, thereby throwing a cloud over his title, equity will interpose and grant relief, and will do this even in case of an instrument absolutely void in law and in equity. 1 John. Ch. R., 517; 21 Conn., 448; 1 Madd. Ch. Pr., 178. Although the sale of the land in this case for taxes, was void for uncertainty of description, a deed for the land might create a cloud on the title, and subject the plaintiff to loss and inconvenience. *Dean vs. City of Madison*, 9 Wis., 402.

May 15.

*By the Court*, COLE, J. This action is brought to restrain the clerk of the board of supervisors of Rock county from executing a tax deed. It is alleged in the complaint that the sale of the lands for taxes was unauthorized and void on two grounds: "1st. Because a number of pieces of land, owned by different persons, were assessed together as one piece; and 2d. Because the description of the land assessed was so uncertain and indefinite as to be void for uncertainty." The respondent therefore asked that the execution and delivery of the tax deed should be restrained, since its existence would constitute a cloud upon the title of certain lands owned by him. The appellants demurred to the complaint, assigning several grounds of demurrer. We shall only notice one cause of demurrer, the fourth, which we think is well taken, and is fatal to the action. That ground of demurrer is, that the description of the land as set forth in the complaint, is so uncertain and indefinite, that the assessment of the tax and all proceedings to and including the sale and deed—if one were executed—are and would be utterly void, and create no cloud upon the title. This is the same objection, in substance, that is taken and relied on in the complaint, to invalidate the assessment and tax sale.

The respondent states in his complaint, that he is the owner of not to exceed twenty-five acres in the southeast quarter

January Term,
1861.

HEAD
v.
JAMES et al.

of section 4, town 4, range 12, in Rock county, describing the pieces of land which he owns. It is also alleged that the description of the lands, as assessed and sold, was as follows: "North and west part S. E. 1-4, Sec. 4, T. 4, R. 12, acres 50, value $1,200." Now we, think a deed conveying land by such a description, would be utterly void on its face for uncertainty. Where do these fifty acres lie? How many acres are to be taken off the north part, and how many off the west part of the quarter section. It is impossible to tell. The land could not be located, the description being radically defective. *Ronkendorff vs. Taylor*, 4 Peters, 349; *Ballance vs. Forsyth*, 13 How. (U. S.), 18; *Raymond's Lessee vs. Longworth*, 14 id., 76; *Lessee of Massie's Heirs vs. Long*, 2 Ham. (O.), 412; *Treon's Lessee vs. Emerick*, 6 id., 391; *Lafferty's Lessee vs. Byers*, 5 id., 458; *Lessee of Hannel vs. Smith*, 15 Ohio, 134; *Winkler vs. Higgins*, 9 Ohio St., 599; *Richardson vs. The State*, 5 Blackf., 51; *Spellman vs. Curtenius*, 12 Ill., 409.

If then a deed, containing such a description of land conveyed, would be void on its face for uncertainty, can it be said to constitute a cloud upon the title of any real estate? It seems to us that to state the proposition merely, is to answer it. The deed is simply void because it conveys no land capable of being ascertained and located. Suppose a party should claim that certain land was conveyed by this description. The answer to his claim would be, that the deed conveyed nothing. We have never understood that a cloud upon a title to real estate was created by an instrument absolutely void upon its face. Such an instrument could not by possibility prevent the sale of any land, or subject any one to any loss or inconvenience, for the simple reason that it would be of no more importance than a piece of blank paper. See the case of *Dean vs. The City of Madison*, 9 Wis., 402, and authorities there cited; *Cox vs. Clift*, 2 Coms., 118; *Scott vs. Onderdonk*, 14 N. Y., 9; *Ward vs. Dewey*, 16 id., 519. A court of equity ought not to be called upon to restrain acts which, when done, injure no one. If the clerk of the board of supervisors executes a deed con-

*January Term, 1861.*

*Bates v. Aaleman et al.*

veying land by the above description, it will be a mere idle act, affecting no one, and harming no one.

For this reason we think the demurrer to the complaint should have been sustained.

The judgment of the circuit court should therefore be reversed, and the cause remanded for further proceedings in accordance with this decision.