# WILLIAM M. SPRINGER

*v.*

# JOHN E. ROSETTE *et al.*

1. JURISDICTION—*chancery will not take—to try validity of tax titles—on ground of being a cloud.* Courts of chancery will not take jurisdiction to try the validity of tax titles, on the ground that they are a cloud.

2. SAME. Where the land of a person, sold by the U. S. Collector of internal revenue to satisfy his income tax, purchased in by such collector, and deeded to the United States, and the deed therefor delivered, this court cannot take jurisdiction over the matter in a suit to which the United States are not made parties.

3. TAXES—*where the sale for taxes is void—the remedy is complete at law.* Where the legislative enactment levying a tax, is unconstitutional, a sale to satisfy such tax is void, and in proceedings thereunder, to dispossess a party so in default, his remedy at law would be complete.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. McCLERNAND, BROADWELL & SPRINGER, for the plaintiff in error.

Messrs. STUART, EDWARDS & BROWN, and Mr. JOHN E. ROSETTE, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The question presented by the argument in this case, is one of great interest, and if this court was in a position to examine and decide it, we would not have the least hesitation in doing so, upon its merits.   But there is an allegation in complainant's bill, who is the plaintiff in error, which, in our judgment, precludes this court from such action.

It is alleged in the bill, that the land of complainant was sold by the collector, in default of payment of his income tax, purchased in by the collector for the United States, and a deed therefor executed to the United States, and delivered to the attorney of the United States, Mr. Rosette, one of the defendants in error, in pursuance of section 30, of the act of Congress of June 30, 1864, U. S. statutes at large, vol. 15, pp. 234-235.

By that section, the title to the land sold has, by the deed executed and delivered to the attorney of the United States, passed to the United States, so far as the sale and deed could do so, and this court has no jurisdiction over the United States.   Besides, the United States are not made a party to this proceeding, and no decree we might make against Mr. Rosette could affect, in any way, the title of the United States acquired by the collector's deed.

If the views entertained by the plaintiff in error, that the act of Congress levying an income tax be unconstitutional, then a sale to satisfy such tax would, undoubtedly, be void;

and, if proceedings in ejectment should be instituted to dispossess plaintiff in error, then his remedy at law would be complete. Courts of chancery will not take jurisdiction to try the validity of tax titles, on the allegation that they are a cloud. No case of this kind can be found in the books. This court can make no decree invalidating the collector's deed, as that deed was made to the United States, and, as we have before said, they are not parties to this proceeding. If they undertake to use this deed against the plaintiff in error, by an attempt to dispossess him, then will full opportunity be afforded him to make every objection to it, to which it is obnoxious. A court of chancery has no authority to interfere. The decree of the circuit court dismissing the bill is affirmed.

*Decree affirmed.*