## ANDREW STARK v. PLEASANT CHITWOOD.

### Error from Shawnee County.

1. DAMAGE TO TITLE: PLEADING.—To support an action for slander of title special damages must be alleged, and that, too, circumstantially.
2. MALICE:—Such an action cannot be maintained without showing malice and want of probable cause.
3. CLOUD ON TITLE: LEVY:—When a levy is made upon real estate, and it appears that the owner thereof is not a party to nor interested in the judgment, in pursuance of, or under which such levy is so made, such levy casts no cloud upon the title of such owner.

The body of the plaintiff's petition in the court below is as follows:

The said Andrew Stark, plaintiff, says that said defendant, Pleasant Chitwood, did, on or about the first day of December, A. D. 1860, cause to be issued an execution on a judgment against William H. Boyd and John W. Thompson, rendered by the district court sitting in

and for Linn county, Kansas, at the fall term thereof, in an action therein pending, wherein Pleasant Chitwood and Robert B. Mitchell were plaintiffs, and said William H. Boyd and John W. Thompson were defendants; which said execution was, by the order and direction of said Chitwood, wrongfully levied upon certain real estate situated in Linn county, Kansas, which, prior to the date of said judgment and execution, was conveyed by deed, for a valuable consideration, to said plaintiff, Andrew Stark; which said deed had been, and at the date of said judgment was, duly recorded in the office of the register of deeds of said Linn county. All of which facts were then and there, and all the time aforesaid, well known to said defendant, Chitwood; yet said defendant, well knowing that at the date of said judgment against said Boyd and Thompson said property so levied upon as aforesaid was the property of said plaintiff, and that said Boyd and Thompson, nor either of them, were the owners of, or had any right, title or interest in or to, the property so levied upon as aforesaid, caused the said property to be levied upon as the property of said William H. Boyd; whereby and by reason of said unlawful and wrongful levy, said plaintiff has suffered great damage and expense in defending the title to said property, and by reason of the cloud thereon upon his title by the levy, has been prevented from selling the same at great profit, and has been deprived of the use, profits, rents and emoluments of said land to his damage in the sum of ($1,000) one thousand dollars, for which sum he asks judgment.

Other facts in the case appear in the subjoined opinion of the court:

*Andrew Stark, per se,* and *A. L. Williams,* for plaintiff in error.

*Martin & Burns,* for defendant in error.

*The plaintiff in error* submitted an oral argument.

*Martin & Burns* contended:

1. That the petition was defective: First, in containing no particular description of the premises on which the execution complained of was levied. Second, does not show that plaintiff owned the land at the time of levy. Third, does not show that the judgment on which the execution was issued was still subsisting. Fourth, does not show that the execution was issued by the proper officer, or was valid and unsatisfied, nor that the levy was made by a person authorized. Fifth, and because it does not show that the wrongful levy was made maliciously. Sixth, but had all these things been properly averred, the petition would still be defective, for if Boyd, the judgment debtor, had no title to the land, as is averred, no damage was done by levying the execution thereon, for the levy would amount to nothing. It would not even cast a cloud on the title. 34 *N. Y.,* 480. Seventh, all that was necessary for the officer to do was to enter upon his execution a description of the land. *Comp. L.,* 195, § 437; 2 *Bouv. L. Dic.,* 34; 3 *Bouv. Inst.,* 581 (3395.) A trespass, even, cannot be inferred.

*By the Court,* SAFFORD, J.

The plaintiff, Andrew Stark, brought his action in the district court of Shawnee county to recover of the defendant, Pleasant Chitwood, the sum of one thousand dollars damages, for that, he the said defendant had

wrongfully ordered and directed a certain execution to be
levied upon certain real estate lying and being in Linn
county Kansas.   To the petition filed in said caus<sup></sup> the
defendant demurred, on the ground that the said petition
did not contain and state facts sufficient to constitute a
cause of action against himself, and in favor of the plain-
tiff.   The district court sustained the demurrer and ren-
dered judgment thereon in favor of the said defendant,
and to this ruling and judgment the plaintiff excepted and
now brings the case to this court for review.   We are of
opinion that the demurrer was well taken, and conse-
quently that the judgment was right and should be
affirmed.

SLANDER OF
Title.

Referring to the pleadings and record, it will
appear that this suit was in the nature of an
action for slander of title, and would seem to have been
so regarded by all the parties thereto.   Upon examina-
tion we also find that the only act set forth in the peti-
tion, which might tend to lay the foundation of such an
action was the directing or causing a levy to be made
upon certain real estate.   To support an action for slan-
der of title, special damages must be alleged, and that too
circumstantially.   [*Starkee on Slander*, 158, 159, 323.]   In
this case the petition does not allege any bargain for the
sale of the premises levied upon, which was broken off
by means of the levy, nor any circumstances from which
a loss might be inferred, but it merely alleges a loss in
general terms.   This is not sufficient.   5 *Barb. S. C. R.*,
301.

MALICE.

Again, this action cannot be maintained with-
out showing malice, and want of probable
cause.   If what the defendant did was in pursuance of a
*bona fide* claim which he was asserting honestly, and

especially if he was acting under the advice of counsel though without right, he will not be liable. [1 *Am. Lead. Cases*, 105.] In this case the petition is entirely wanting in these respects, and contains no statement, even tending to charge the defendant with malice.

INTEREST.    The petition is also defective for the reason that it does not show that, at the date of the levy complained of, the plaintiff was the owner of the real estate levied upon or had any interest therein. The allegation is "that the defendant well knowing that *at the date of said judgment* against said Boyd and Thompson, said property so levied upon as aforesaid was the property of said plaintiff, and that said Boyd and Thompson, nor either of them, were the owners of, or had any right, title or interest in or to the property, so levied upon as aforesaid, etc. This may all have been true, and yet the plaintiff have had no interest whatever in the said premises at the time of the levy; in which case it will not be claimed for a moment that he could maintain his action.

CLOUD ON TITLE.    But leaving this question we pass to another point. The plaintiff, in his petition, claims that by reason of the levy complained of a cloud was thrown upon his title to the real estate which was the subject of such levy. We do not think that such a position can be at all maintained. If the judgment debtors, Boyd and Thompson, (and the record shows that the land was levied upon as the property of Boyd) had no title to the premises at the time of the judgment, and up to and at the time of the levy, then the defendant could take nothing by his levy.

The judgment was against Boyd and Thompson alone, and therefore the plaintiff could not be affected or bound

by any proceeding under it. Hence a levy upon *his* property, in the *real estate*, under the claim that it belonged to Boyd, made in pursuance thereof, could not create a cloud upon his title; and, if any party purchasing and claiming under such proceedings should seek to enforce his claim and to obtain possession or control of the property, the plaintiff being in possession or the true owner, would have adequate remedies to resist and defeat any such claim.    34 *N. Y.*, 480.

Other points are raised in the argument, but need not be noticed.    The judgment of the district court is affirmed.

All the justices concurring.