SHEPARDSON VS. THE SUPERVISORS OF MILWAUKEE COUNTY.

EQUITY. (1) *Cloud upon title.* (2) *Action under sec.* 29, *ch.* 141, *R. S.*

1. Where an assessment roll and tax certificate are *void upon their face* for uncertainty in the description of the land, they do not create any cloud upon the title, and equity will not interfere for the purpose of cancelling them.
2. It seems, however, that the assessment of the tax, the sale of the land, and the issue of the certificate, constitute a *setting up of a claim* to the land, within the meaning of sec. 29, ch. 141, R. S., and that the owner in possession might maintain an action under that section.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff appealed from an order sustaining, *pro forma*, a demurrer to the complaint as not stating a cause of action. The substance of the complaint is stated in the opinion.

*Carpenter & Murphey*, for appellant.

*C. K. Martin*, for respondent.

COLE, J. This action is brought for the purpose of having certain levies of taxes, assessments, and sales described in the complaint, together with the tax certificates issued on such tax sales, adjudged void and canceled. The ground for asking this relief is, that the levy and assessment of the said several taxes, the sales thereon, and the tax certificates, are unauthorized, illegal and void, for the reason that the description of the land in said several assessments and sales and certificates is uncertain, indefinite and vague, and is wholly void for uncertainty.

In the case of *Head v. James*, 13 Wis., 641, this court decided that when the description of land conveyed by a tax deed was void on its face for uncertainty, such a deed constituted no cloud upon the title. A cloud cannot be created by an instrument absolutely void upon its face. According to the allegation in the complaint, the description of the land in the assessment rolls and tax certificates is so uncertain, indefinite and vague as to be wholly void. This being the case, they can

injure no one, and constitute no cloud upon the title. The plaintiff has no occasion to call upon a court of equity to adjudge them void, because they are void now.

It is to be observed that this is not a proceeding under section 29, chap. 141, R. S. If it were, it might be sustained. That section provides that a person having the legal title and in possession of land, may institute an action against any one "setting up a claim thereto." The levy of taxes and issuing of tax certificates upon tax sales, by the officers of the county, although such certificate might be wholly void on account of the uncertainty in the description, might well be held to be "setting up a claim" to the land within the meaning of this statute. But the jurisdiction invoked in this case is founded upon the general powers of a court of equity to direct the cancelation of an instrument which, in an uncanceled state, has a tendency to throw a cloud over the title. This was the ground upon which the plaintiff's counsel attempted to sustain the complaint on the argument. Treating it in this light, we suppose it to be well settled that equity will not interfere to direct the cancelation of instruments which are a nullity upon their face, and which cannot possibly throw any cloud upon the plaintiff's title.

*By the Court.*—The order sustaining the demurrer to the complaint is affirmed.