## Charles H. Holbrook v. Zenas G. Winsor.

*Bills to quiet title: Comp. L., § 3490, construed.* Under the statute (*Comp. L.*, § *3490*), which provides that "any person, having the actual possession and legal or equitable title to lands, may institute a suit in chancery against any other person setting up a claim thereto in opposition to the title claimed by the ,complainant," etc., the complainant is not bound to show by his bill that the claim set up by the defendant is one which would be *prima facie* good at law.

In such a bill it is not necessary to set forth the ground upon which the defendant asserts the validity of his title, as this cannot be presumed to be known to the complainant. It would, therefore, be unjust to require him to set it forth and then to state the facts which would negative its validity.

*Submitted on briefs July 8.  Decided October 4.*

Appeal in Chancery from Kent Circuit.
The case is fully stated in the opinion.

*D. C. Holbrook,* for complainant.

*Ransom & McReynolds,* for defendant.

CHRISTIANCY, J.

The bill was filed to remove a cloud from complainant's title. It sets forth that on the 27th day of May, 1869, complainant was the legal and equitable owner of the real estate in question by a deed from one Foster, dated November 5, 1867, and duly recorded, to the record of which he refers; that complainant was, on the 27th day of May,

1869, and still is, in the sole possession of said real estate; but that, prior to the last mentioned date, one Jacob Winsor filed his bill in the circuit court for the county of Kent, in chancery, against one Henry B. Holbrook, Sarah Holbrook, John L. Baxter, James Van Buren and Jonathan F. Chubb, for the purpose of foreclosing a mortgage executed by said Henry B. Holbrook to said Jacob Winsor (upon lands other than those of complainant); that such proceedings were had in said cause that the mortgaged premises were sold and failed to bring the amount secured by the mortgage, and a deficiency being reported, an execution was issued therefor on the 27th day of May, 1869, against the property of said Henry B. Holbrook; and that on the 31st of the same month, the sheriff levied said execution upon the lands of complainant, and, after publishing notice of the sale thereof, proceeded on the 16th day of July, 1869, to sell, and did make a pretended sale of, said complainant's premises to said defendant, and filed in the office of the register of deeds for the county of Kent, a certificate of such sale, as in cases of execution sale under the statute.

The bill then avers that, at the time of the purchase of said premises by complainant from said Foster, and at the time of the levy by the sheriff, said Henry B. Holbrook had no interest whatever in, or to, said premises, and that they were not subject to the payment of any debt of said Henry B. Holbrook, nor subject to be levied upon by said execution.

It also charges that defendant gives out and pretends that he has acquired an interest in complainant's said lands by virtue of said execution sale, and become the owner thereof, subject only to redemption by said Henry B. Holbrook, or some person claiming under him. And complainant alleges

that, by reason of such pretended execution sale, the filing of the certificate and such pretenses of defendant, the title of said complainant is questioned by many who really believe said defendant has acquired some right or title, therein; and that, by reason thereof, the title of complainant is greatly injured; and that such sale, proceedings and pretenses have caused a cloud to be thrown upon said title and rendered the same unsalable, and the value of said premises is thereby greatly depreciated.

Complainant therefore prays that said levy and certificate of sale may be decreed null and void, and that defendant may be decreed to execute to complainant proper discharges and releases of all his pretended interest in said premises, and that in the mean time he may be enjoined, etc.

To this bill the defendant put in a general demurrer for want of equity. The demurrer was overruled by the circuit court, and twenty days given to the defendant to answer the bill, which the defendant having failed to do, the bill was regularly taken as confessed and a decree rendered as prayed for. From this decree the defendant has appealed to this court.

The only question in the case arises upon the demurrer, and it is simply whether the bill states a case entitling the complainant to equitable relief.

Defendant's counsel insists that, to maintain his bill, complainant should have shown that the claim set up by defendant is one which, but for the aid of a court of equity, would be, *prima facie*, good at law, as against the title of complainant; and that, as it shows no ground upon which defendant's claim could be held good at law, it fails to show how complainant could be injured by the claim; and that, upon the case made by the bill, the claim set up by defendant would be simply void at law (where complainant

would have a perfect defense against it); and that he, therefore, does not need the aid of a court of equity for his protection.

What force there might have been in these positions, independent of our statute upon this subject, we need not inquire.

The statute (*Comp. L.*, § *3490*) provides: "Any person having the actual possession, and. legal or equitable title to lands, may institute a suit in chancery against any other person setting up a claim thereto in opposition to the title claimed by the complainant, and if the complainant shall establish his title to such lands, the defendant shall be decreed to release to the complainant all claim thereto, and pay costs, unless the defendant shall, by his answer, disclaim all title to such lands and give a release to the complainant, in which case costs shall be awarded as the court may deem just."

We need express no opinion upon the point, whether, under this statute, a bill could be maintained which showed the title or claim set up by defendant to be one which *must necessarily* be held *void in all courts* (and which, therefore, could not prejudice complainant), as when it is based exclusively upon a deed absolutely void upon its face, and incapable of being aided by extrinsic evidence. The maxim that "the law will not do a vain thing" *may be as applicable in equity as at law.* But we think it quite clear that, under this statute, the complainant is not bound to show by his bill that the claim set up by the defendant is one which would be *prima facie* good at law. To hold this would be to add to the statute an important qualification which the legislature did not see fit to insert, but which they would very naturally have inserted, if they intended thus to qualify the complainant's right of sustaining his bill.

The statute, by its terms, is confined to cases in which complainant is in possession, and could not, therefore, insti-

tute a suit in ejectment to test the validity of defendant's claim, but would be compelled to wait till the defendant should choose to assert his claim by suit; the real owner being, in the mean time, liable to lose the evidence by which the claim might be defeated, and his title remaining unsalable and his property depreciated.

In the present case, though the title or claim set up by defendant would, as set forth in the bill, be *prima facie* void, as against complainant (there being no connection shown between the execution sale or the execution debtor and the recorded title), yet, it is by no means *necessarily void;* as the defendant might intend to rely upon some unrecorded deed in the chain of title which *with,* or possibly *without,* proof of. notice might place the rightful title in the execution debtor at the time of the levy; or he might rely upon some of the conveyances in the chain of the recorded title being fraudulent or executed by incompetent parties.    Some such intention would naturally be inferred from the defendant's having bid off the property at the execution sale and the filing of the certificate; and the effect upon complainant's title in rendering it unsalable, is, therefore, manifest.

The nature of such a ground of claim, or of any claim which the defendant in this case might intend to set up under the execution sale, cannot be presumed to be known to complainant, and he cannot, therefore, justly be required to set it forth in his bill, and to state the facts which would negative its validity.

We think the bill states a case coming clearly within the letter and the intention of the statute, and that the decree of the circuit court for the county of Kent, in chancery, was correct.    That decree must, therefore, be affirmed, with costs to the complainant, in both courts.

The other Justices concurred.