CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1872.

## CAROLINE J. KING v. C. W. HIGGINS.

SUIT TO REMOVE CLOUD.—In a suit brought to remove a cloud from title to real estate, it is necessary to state facts from which the court can properly draw the conclusion that the claim made by the defendant is a cloud upon the plaintiff's title.

IDEM.—WHEN SUIT WILL BE ENTERTAINED.—It is not every case where an instrument in the hands of another person is calculated to induce the belief that the plaintiff's title is invalid, that such instrument is the foundation of a suit. Nor is it, in all cases, necessary for the plaintiff to wait until he has been disturbed by legal proceedings, nor to first establish his title by a judgment at law.

IDEM.—One may maintain a suit to remove a cloud, notwithstanding it appears from his complaint that he has a legal title. The exception is, that if it appears on the face of the papers under which the defendant claims, that the legal title is in the plaintiff, the suit cannot be maintained.

---

JUDGMENTS BY CONFESSION.—Under a statute relating to judgments by confession, which requires the plaintiff to file a sworn statement, and enacts that the clerk shall indorse the judgment upon the statement and enter it in the judgment book, the two entries ought to be deemed to have the force of duplicate copies, each having the effect of an original.

IDEM.—CLERICAL ERROR.—Where the clerk indorsed the judgment on the statement, but by mistake omitted to enter it in the judgment book, it was held that the omission would not invalidate the judgment, except in favor of one who has been misled by the omission.

COMPLAINT.—In a suit to remove a cloud, where the complaint admits that the clerk failed to enter the judgment in the judgment book, the complaint should state what acts were done by the parties and by the clerk in relation to confessing and entering the judgment.

This is a suit to remove an alleged cloud from the plaintiff's title. The plaintiff avers that she is owner and in possession of the parcel of land known as lot 6, in block 221, in the city of Portland. She sets out a series of conveyances, from which it appears that both the plaintiff and defendant claim title from the United States through Wm. M. King, now deceased. The defendant claims title under a sale made by the administrator of the estate of Wm. M. King, who departed this life on or about the eighth day of November, 1869.

The plaintiff sets out her mode of acquiring title from said Wm. M. King, as follows:

"On the sixth day of August, 1855, said Wm. M. King confessed a judgment in favor of Thomas J. Carter, in the district court of the territory of Oregon for the county of Multnomah, for $1,383. And on the first day of April, 1856, a writ of execution upon said confession of judgment was duly sued out of said territorial district court, and placed in the hands of William McMillen, the then sheriff, for service." The complaint goes on to show that this lot, with other property, was sold by said sheriff on the fourteenth day of May, 1856, to satisfy the execution. That Carter bought the property at $1,000.52. That the sheriff executed and delivered to said Carter a deed in pursuance of the sale. That the deed was approved by the judge of said court, and duly recorded. And that afterward, on the fourth of February, 1857, said Carter by deed conveyed the premises to the plaintiff; since which time plaintiff has

continued in possession. The plaintiff also alleges, "That through inadvertence and mistake, the clerk of said territorial district court omitted to enter said confession of judgment in the judgment book," and alleges "that said confession of judgment was duly entered in the lien docket of said court," stating the mode of entry.

The plaintiff's complaint also alleges "that the judgment roll of said confession of judgment remained to be seen in the proper officer's custody for a long time after the sale of May 11, 1856, and until after the approval of the sheriff's deed by the court, January 2, 1857, but has since been lost or abstracted from its proper custodian, and plaintiff is unable to tell the exact date of its loss or abstraction."

The complaint, after setting out the sale of said lot by the administrators of King's estate to the defendant, avers that the defendant bought with notice, and that the administrator's deed to the defendant is a cloud upon plaintiff's title.

The defendant demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of suit.

*Chapman & Goodsell*, for the plaintiff.

*Shattuck & Killin*, for the defendant.

UPTON, J., delivered the following opinion:

This is a suit by a plaintiff in possession, and if sustained, it must be as a suit to remove a cloud from the plaintiff's title. Much has been said on the subject of the power of the court to amend the judgment alleged to have been confessed by the late William M. King in favor of T. J. Carter. But it is not necessary to advert to that subject further than to say, that this cannot be considered a bill for that purpose. The complaint does not sufficiently describe that judgment to enable the court to make an amendment; it does not bring all the interested parties before the court; and it does not purport to set out the cause of action upon which the confession was made.

The allegations are insufficient to warrant an amend-

ment of that judgment in this proceeding, aside from any question as to the general power of the court.

Section 500 of the code provides that "any person in possession, by himself or his tenant, of real property, may maintain a suit in equity against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate or interest."

It is necessary to consider the requisites of a complaint in this class of cases, and particularly what must be alleged in respect to the defendant's claim. It is not every idle assertion, made by one who has neither title nor color of title that will suffice to invoke the power of a court of equity to the relief of the plaintiff. It has been claimed that the enactment of this section has so revolutionized the practice in this class of cases, that a statement of the defendant's claim in the language of the statute is sufficient to constitute a case in equity; and the case of *Curtis* v. *Sutter* (15 Cal. 259) is referred to as supporting that position. The point decided in that case is, that an injunction was properly dissolved upon the coming in of an answer, which denied the title of the plaintiff and set up paramount title in the defendant. The opinion is expressed that, under the statute of that state, "it is unnecessary for the plaintiff to delay seeking the equitable interposition of the court until he has been disturbed in his possession by the institution of a suit against him, and until judgment in such suit has passed in his favor.

Chief Justice Field in that case intimates that a party was formerly thus restricted, and that the restriction was removed by the enactment of that section. If it is true that such restriction was universal before the enactment of that section, there certainly are grounds for the statement that the section "enlarges the class of cases in which equitable relief could formerly be sought in quieting title." It may be questioned, however, whether that restriction was universal before that enactment. (Story Eq. Jr. ss. 694, 700; *Petit* v. *Shepherd*, 5 Paige, 492.) Without pursuing the subject of what the law was before the enactment, it is safe to say, it cannot be fairly inferred from the

opinion expressed in the case of *Curtis* v. *Sutter*, that it is not now necessary to state facts from which the court can properly draw the conclusion that the claim is a cloud on the plaintiff's title, or, in other words, from which the court can infer that it works some injury that entitles the plaintiff to equitable relief. The complaint then under consideration stated the nature of the defendants' claim, and charged that the defendants were surveying and mapping the lands and offering them for sale. Section 500, above quoted, is part of the same act which requires in the complaint a statement of the facts that constitute the cause of suit; and it is not to be supposed that the object of this section was to establish a new and exceptional rule of pleading applicable only to this class of cases. It is not in every case where an instrument in the hands of another person is calculated to induce the belief that the plaintiff's title is invalid, that it is the foundation of a suit. (*Scott* v. *Onderdonk*, 4 Kern. 8.)

The defendant is right, I think, in his position that if the plaintiff does not show a valid judgment against Wm. M. King, she does not by her complaint show any right in herself, or any sufficient cause of suit. But the defendant states his case too strongly when he says: " If the supposed judgment was complete, the plaintiff has title, and no grounds for equitable relief can exist." The rule on that subject goes no further than this: if the legal title is in the plaintiff, and that fact appears on the face of the deed, instrument, or chain of title under which the defendant claims, or if it appear on the face of such deed, instrument, or chain of title that the defendants' claim is without foundation, the suit will be dismissed. (*Heywood* v. *City of Buffalo*, 4 Kern. 534; *Ward* v. *Dewy*, 16 N. Y. 519; *Vandorn* v. *Mayo*, 9 Paige, 388; Story Eq. Jr. sec. 700.

It is no objection to the claim here set up that the plaintiff has a legal title, if it also appears that the claim made by the defendant and the chain of title upon which it is based present proof *prima facie* of the legal title in the defendant, and presents nothing on the face of the title papers to the contrary. Or if it is shown that there is an obstacle to the plaintiff asserting her title in a court of law, which ought to be removed.

The proceeding, in the matter of the confession of judgment, was under the practice act passed January 7, 1854. (Compiled L. 1855, p. 117.) By that act, the clerk was required to keep a book for the entry of judgments, to be called "The Judgment Book." And for the confession of judgment without action the requirements were as follows:

"A statement in writing shall be made and signed by the defendant and verified by his oath to the following effect."

"It shall state concisely the facts out of which it [the judgment] arose, and shall show that the sum confessed is justly due, or to become due." "The statement shall be filed with the clerk of the district court in which the judgment is to be entered, who shall indorse upon it and enter in the judgment book a judgment for the amount confessed, with five dollars cost. The statement and affidavit with the judgment indorsed, shall thereupon become the judgment roll."

In judgments other than by confession, under that act, the judgment roll contained a copy of the judgment, the original entry being in the judgment book.

The defendant objects that the complaint should state the acts done, in the attempted confession of judgment; and it will be necessary to notice that objection hereafter; but the principal argument, on the hearing of the demurrer, was addressed to the question whether a valid sale could be made without an entry in the judgment book.

The statute requires the clerk to indorse the judgment on the statement filed, and enter it in the judgment book. The indorsement and the entry must be considered simultaneous acts, or at least, it cannot be contended that the entry of the judgment in the book need precede the writing of it on the back of the statement. The two entries may be considered duplicates; at least, the indorsement on the statement is not to be a mere copy, and it must be considered an original entry, under the language of the act. Doubtless the two entries ought to be deemed to have the force of duplicate copies, each having the full effect of an original entry. If this is a proper construction of that statute, when the clerk had made one of these entries, the

terms of the judgment were expressed, and I cannot think the judgment should be held void because of an omission, by mistake, to make the additional entry in the book, except in favor of one who has been misled by the omission. Equity considers that as done which ought to have been done. It is the act of entry that distinguishes the present case from *Blydenburgh* v. *Northrop* (13 How. Pr. 289). There the clerk had made no entry of judgment. In *Van Beck* v. *Sherman* (13 Id. 472), the judgment was held void for defects in the statement. Nothing of that kind appears here. The case of *Shottenkirk* v. *Wheeler* (3 Johns. Ch. 275) is to the effect that equity will not set aside or disregard a judgment for errors, or for departures from the prescribed mode, when the objection would not be sufficient in a court of law. I do not think it sustains the converse of this proposition, that equity would never sustain a proceeding, defective through mistake, unless the same could be supported at law.

The case of *Neale* v. *Berryhill* (4 How. Pr. 16), was under a statute exactly similar in this particular to ours above quoted; and the mistake is the same that is alleged in this case, except that the clerk omitted in that case to endorse the judgment on the statement, but did enter it in the judgment book. After other parties had taken judgment against the same defendant, the court permitted the endorsement to be made *nunc pro tunc*. This, after third parties had obtained judgments, could not be done on principles of justice, no matter how broad the statute of amendments, unless upon the idea that the proceeding had become a judgment before the rights of the third party intervened. I do not, however, deem that case, nor any of the cases cited, in which leave to amend was the point before the court, as of great weight on this subject, for the reason that this complaint ought not to be considered as an application to amend. It is said in *Gray* v. *Palmer* (28 Cal. 416); and in *Genella* v. *Relyea* (32 Cal. 159), that the entry of judgment in the judgment book is a mere ministerial duty of the clerk. The point in those cases relates to the time when a judgment shall be deemed rendered. In each ⁄

case a judgment had been announced, and "an order for judgment" entered in the minutes. And in each case it was held that the day of rendering judgment was that on which the judgment was announced and the order entered, and not a subsequent day on which the entry was made in the judgment book. Much stress was also placed on the case of *Lee* v. *Figg* (37 Cal. 328). The syllabus of that case is to the effect that "a judgment for money, by confession, upon a statement which does not sufficiently state the facts out of which the indebtedness arose," cannot be collaterally attacked. Chief Justice Sawyer, in the opinion filed, observes the "court had jurisdiction of the subject matter and the parties," and that "the judgment was entered in *open court* and regularly signed by the judge, as was the practice under the code of 1850." The case being a proceeding before a tribunal of general jurisdiction, and in open court, is not in point, under a statute which provides for entering a judgment by the clerk, and where the court has no jurisdiction but that derived from the statute and the acts of the parties. When the parties come before the clerk in the manner prescribed by statute, and he commences the performance of his duties in the manner prescribed, he obtains jurisdiction, and if he proceed regularly, so far that rights vest, the judgment cannot be disregarded for defects that do not raise a question of jurisdiction. I am of opinion that if it is shown that all the necessary steps, up to and including the indorsement on the statement, were regularly taken in good faith, that the failure to make the entry in the judgment book, will not of itself render the proceeding void.

Conceding that the statement was regularly made and filed, and the judgment indorsed upon it, the question arises whether the failure of the clerk to make the entry in the judgment book, the loss of the judgment roll and the subsequent conveyance by the administrator of the judgment debtor's estate, are sufficient grounds for equitable relief. I am not prepared to assume jurisdiction on a supposition that the alleged judgment roll, if in existence, could not be read in an action at law, notwithstanding the failure to

make the entry in the judgment book; nor on the ground that in case of its loss its contents cannot be established by parol in a court of law, as well as in equity. But if the complaint had set forth fully what acts were done, at the time of the alleged confession of judgment, showing that nothing essential was omitted except making the entry in the judgment book, I think these two causes combined with that of the sale under the order of the Probate Court, constituted ground for quitable relief, and are sufficient grounds for permitting an amendment of the complaint, although the demurrer must be sustained on another ground. The complaint admits that at the time of the rendition of the judgment some of the acts contemplated by the statute in relation to the confession of judgment were omitted; and the complaint is too vague in its statements as to what steps were taken in the proceeding. The demurrer will be sustained that the plaintiff may so amend the complaint as to state what acts were done in the attempt to obtain judgment.