## JOHN C. DOUGLASS V. EDGAR NUZUM.

1. ACTION TO QUIET TITLE; *Possession of Plaintiff.* In an action to quiet title under § 594 of the code, the plaintiff must allege and prove an actual possession by himself or tenant.

2. ———— *When Land is Vacant.* An action to quiet title may be maintained by the holder of the legal title, when he is not in possession, if the premises be vacant and unoccupied.

3. ———— *Pleading; Title; Necessary Facts.* The relief in these cases is of a kind given under the old practice only in courts of equity; and in cases outside the limits of the statute, (·such as are mentioned in the last preceding proposition of this syllabus,) the same facts must be stated substantially as in a former bill in equity.

4. ———— *Issue; Naked Averment of Adverse Claim.* Equity will not, upon the mere allegation of the existence of an adverse claim, examine its nature and extent, and determine as to its sufficiency.

5. ———— If the adverse claim is based solely upon proceedings of record which are void upon their face, and which by no lapse of time or change of condition can ever become other than thus void, there is no case for equitable interference. But where such claim is apparently valid, and can be shown to be void only by testimony *aliunde,* especially if it be parol testimony, where it rests upon proceedings which however irregular may result by lapse of time in an instrument, evidence *prima facie* or conclusive, of the regularity of those proceedings, such as a tax-deed under our statute, and indeed wherever it is of a character to cast doubt or suspicion upon the title of plaintiff, or seriously embarrass him either in maintaining his rights, or disposing of his property, equity will grant relief.

6. ———— A petition therefore, in such a case, should show the nature of the defendant's claim, if known; and if not known, should aver ignorance thereof, and pray a discovery.

7. ———— *Practice; Objection to Sufficiency of Petition.* Where the defect in a petition to quiet title is, that it omits such essential matters as are named in the last subdivision of the syllabus, it is not waived by a failure to demur, or cured by an answer alleging title in defendant, but may be taken advantage of by an objection to the introduction of any testimony under the petition.

### THE CASE ON RE-HEARING.

8. TAX TITLES; *Rights of Holder of Tax Certificates; Duty of County Clerk.* Where all the prior proceedings are regular and legal, and the time for redemption has passed, the holder of a tax certificate is entitled to a deed in the legal and statutory form, one that shall be

*prima facie* evidence of the regularity of such prior proceedings; and if through mistake or inadvertence one substantially departing from that form is executed, the county clerk can thereafter be compelled by mandamus, and may without it, to execute a deed in the correct and statutory form. Neither the power nor the duty of a county clerk is exhausted by the execution of an irregular and imperfect deed.

9. —— Where A., B., and A., are for three successive years respectively the purchasers of the same tract at the tax sales, each deed issued thereon may be good as against the original owner of the land.

10. COSTS, *on Reversal of Judgment.* A judgment of reversal in this court, in favor of a plaintiff in error who was defendant in the court below, will carry all the costs,of this court, although the defendant sought affirmative relief in the lower court, and a large part of the "case made" is composed of the testimony offered by him in support of his claims for affirmative relief, and although the reversal is ordered because of error in granting the plaintiff any relief under his petition, and no adjudication is made upon the defendant's claims.

### Error from Jefferson District Court.

ACTION by *Nuzum* against *Douglass* and two others, to quiet his title to the S.E.¼ of sec. 28, township 7, range 18, in Jefferson county. The answers of the defendants, and the proceedings in the district court, sufficiently appear in the opinion. The district court, at the May Term 1873, gave judgment in favor of *Nuzum*,.as prayed for in his petition, and *Douglass* brings the case here for review.

*John C. Douglass,* plaintiff in error, for himself, among other propositions contended, that Nuzum's petition was fatally defective. In support of the proposition, that the petition should set forth the defendant's title if known, and aver that it is void, or if unknown aver that fact before asking discovery, he cited Story Eq. Jur., §§ 700a, 64 to 74a; Nash Pl. & Pr. 52, 661; 4 Johns. Ch. 437; 1 Danl. Ch. Pr. 377, 412; 7 Wheat. 522; 3 Monroe, 188; 20 Mo. 429; 2 Comst. 123; 4 Hen. & Munf. 423; 7 Ves. 16; Story's Eq. Pl., § 227; 9 Paige, 388; 3 J. J. Marsh. 284; 11 Peters, 229; 16 Ohio 190, 449; 10 Yerg. 218; 13 Simons, 245; 7 Conn. 342; 7 Kas. 233; 7 Vt. 357.

*W. W. Guthrie*, for defendant in error, submitted that, as Douglass had answered the petition, and set up a title in himself, and thereon an issue of title alone was joined and fully tried and determined, neither party can complain that such issue was not properly joined; (*Parrish v. Ferris*, 2 Black, 606; *Reedy v. Gift*, 2 Kas. 392, 400;) and that having by his answer pleaded title in himself, and set up specifically his muniments, viz., three certain tax-deeds, Douglass is concluded by such assignment, and must stand on his title as so pleaded: *Hall v. Kellogg*, 16 Mich. 135, 138. He cannot now take any advantage of any supposed defect in the petition.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought his action in the district court of Jefferson county for the purpose of quieting his title to certain premises. He filed a petition making plaintiff in error, Patrick M. Lyon and S. S. Cooper defendants, in which he alleged that he was the owner and held the legal title to the premises, that they were unimproved and unoccupied by any one, and that the defendants were "setting up and claiming some estate and interest in and to said real estate adverse to his estate and interest." The prayer was, that the defendants might be compelled to show and disclose their title or interest, and that it be adjudged void, and his title declared to be full and perfect. The separate answer of defendant Douglass contained, first, a general denial, and then what is called a cause of action and counterclaim against the plaintiff and his co-defendants, in which he alleges that he is the owner in fee simple, and in peaceable possession of the premises, and that the plaintiff and the co-defendants claim some interest adverse to him, the nature of which he is ignorant of, but which he avers to be null and void. He then alleges the execution of three tax-deeds, two of which are set out in full, claims the benefit of the statute of limitations as to them, and closes with this prayer for relief:

"Wherefore, by reason of the foregoing and other muniments of title, defendant prays that his title in and to said land, and his possession of the same, and his right to said possession, may be quieted, and that all claim and interest, or pretended claim and interest of said plaintiff may be determined and adjudged to be void," etc.

To this answer, or at least to all except the general denial, a reply was filed, containing a general denial, and then pointing out specific objections to the tax-deeds. When the case was called the defendant objected to the introduction of any evidence, for the reason that the petition did not state facts sufficient to constitute a cause of action, which objection the court overruled, and defendant excepted. Was there error in this? This it must be borne in mind is not an action under the statute. By § 594 of the code, a party in possession may maintain an action against any person who claims an adverse interest. But possession in that section means actual possession. *Eaton v. Giles*, 5 Kas. 24. It would seem that this language was broad enough to cover *any* adverse claim, whether based upon color of title or not, though as that question is not before us we pass it for further consideration. *Shepardson v. Supervisors, &c.*, 28 Wis. 593; *Holbrook v. Winsor*, 23 Mich. 394. Whether also it is necessary in a petition under that section to set out the nature of the defendant's claim, and the grounds of its invalidity, or allege ignorance of its nature and pray a discovery, or sufficient simply to allege that the defendant claims an adverse interest, does not now demand a decision. See upon the question, *Wales v. Grosvenor*, 31 Wis. 681, and *Holbrook v. Winsor*, supra. Nor is this action brought under § 118 of the Tax Law of 1868, (Gen. Stat., p. 1057.) That section authorizes an action to recover possession against any one placing a tax-deed on record. It is immaterial in such an action whether the holder of the tax-deed be in possession or not. Probably the statutory petition for the recovery of real estate would be sufficient in such case, and proof of the record of the tax-deed would be conclusive upon the matter of possession. Under that section a man in actual possession may maintain an action

to. recover possession from one who was never on the land. The plaintiff in this case is proceeding independently of these statutes. He is seeking a character of relief not given under the old practice in courts of law, but only in courts of chancery, and he must show such a state of facts as under the rules of equity-practice would entitle him to relief. Would equity interfere upon the mere allegation that defendant had an adverse claim, investigate its nature, and determine as to its sufficiency? Clearly not. Only when it appeared that there was a cloud upon the title, would the chancellor act. If the adverse claim was based upon proceedings of record, void upon the face, and such as by no lapse of time or change of condition could become otherwise than thus void, there was no case for equitable interference. There must be something to "cast doubt or suspicion upon the title, or seriously embarrass the owner, either in maintaining his rights, or in disposing of his property." A deed from one who has no shadow of title casts no cloud. *Stark v. Chitwood,* 5 Kas. 141. "The rule is well settled, that when a defect appears upon the face of the record through which the opposite party can alone claim title, there is not such a cloud upon the title as to call for the equitable powers of the court to remove it. But when such claim appears to be valid upon the face of the record, and the defect can only be made to appear by extrinsic evidence, particularly if that evidence depends upon oral testimony to establish it, it presents a case for invoking the aid of a court of equity to remove it as a cloud upon the title." *Ward v. Dewey,* 16 N. Y. 519. So also, where the claim rests upon proceedings which, however irregular, may result through lapse of time in an instrument, evidence *prima facie* or conclusive of the regularity of those proceedings, such as a tax-deed under our statutes. *Hibernia S. & L. Society v. Ordway,* 38 Cal. 679. See further upon these points, *Mayor, &c., v. Meserole,* 26 Wend. 132; *Van Doren v. The Mayor, &c.,* 9 Paige, 388; *Scott v. Onderdonk,* 14 N. Y. 9; *Hatch v. City of Buffalo,* 38 N. Y. 276; *Allen v. City of Buffalo,* 39 N. Y. 386; *Crooke v. Andrews,* 40 N. Y. 547; *Levy v. Hart,* 54

Barb. 248; *Barron v. Robbins,* 22 Mich. 35; *Shepardson v. Supervisors, &c.,* 28 Wis. 593; *Dunklin County v. Clark,* 51 Mo. 60; *Springer v. Rosette,* 47 Ill. 223. If equity will not interfere in all cases of adverse claim, it would seem to follow that the petition should show something more than the mere fact that defendant makes an adverse claim. It ought to disclose such a state of facts as calls for the exercise of equitable jurisdiction. It should allege the nature of defendant's title or claim, and show how it operates as a cloud; or, if it is unknown, this should be alleged, and a discovery prayed. See in addition to authorities heretofore cited, *King v. Higgins,* 3 Or. 406; *Wales v. Grosvenor,* 31 Wis. 681; *Holbrook v. Winsor,* 23 Mich. 394. It is impossible to anticipate and therefore to notice all the circumstances and cases in which an adverse claim calls for the exercise of the powers of a court of chancery. All that can be said is, that it must appear that the plaintiff's rights may be endangered unless the defendant's claim is judicially determined to be null and void. If this claim is known, it should be disclosed, that the court may see the danger. If unknown, it should be alleged to be unknown, and the defendant called upon to disclose it. It is unnecessary to inquire what would be the result if the claim was alleged to be unknown and proved to be known. It seems to us therefore, that this petition, inasmuch as it fails to show the nature of the defendant's claim, or allege ignorance of its character, is insufficient, and does not state a cause of action.

Was the defect waived by a failure to demur, or cured by an answer setting up title in defendant? We think not. The objection to the petition is not, that it is not sufficiently definite and certain, in which case a failure to move that it be made definite and certain waives the defect, but that it wholly omits certain essential elements of a cause of action. This a failure to demur does not waive. Nor does the answer help the plaintiff. True, if the parties had without objection gone to trial upon the pleadings, it might perhaps have been thereafter too late to object. It may be that they would have been held bound by the issues they had once accepted and

tried, and been estopped to say that neither in the petition nor answer was there a sufficient statement of a cause of action to call for judicial determination. Plainly, there was a claim of title on both sides, and an allegation of possession on the part of the defendant, with a denial thereof on the part of the plaintiff. This cannot be deemed a case where the defect of the petition is cured by the allegations of the answer, for the allegation of the answer is of *full title in defendant,* based partially it is true upon certain tax deeds which may or may not be valid, but *only partially* upon such deeds, and is therefore an allegation inconsistent with the averment and claims of the petition, and if true entirely overthrows such petition. It seems to us therefore, that the objection was in time, and should have been sustained. For these reasons the judgment of the district court will be reversed, and the case remanded for further proceedings. As we cannot anticipate in what shape the case may be again (if at all) presented for trial, we shall not stop to examine the numerous tax-deeds offered in evidence, and the many questions arising thereon discussed by counsel in their briefs.

All the Justices concurring.

### THE CASE ON RE-HEARING.

THE foregoing opinion was filed June 23d 1875, but as defendant in error, *Nuzum,* immediately filed a motion for a rehearing the opinion was withheld, (and mandate reversing the judgment below recalled,) to abide the argument and decision on said motion for rehearing. Said motion was argued in October 1875, and is now decided.

*W. W. Guthrie,* for defendant in error, in support of his motion for a rehearing, submitted: This motion is made upon the belief that the question of practice, upon which alone this court ordered a reversal, was not the full consideration to which this case was entitled, even should the court feel compelled to change what has been considered its former holdings upon such question of practice. It should be the policy of a

34—16 KAS.

supreme court to decide all questions necessarily involved in determining the case, which are contained in the record, at least when ordering a reversal; and rather to aid the final determination of controversies than to pass upon questions outside the merits of the controversy, and leave litigants in doubt as to when their "day in court" shall end. In this case, while but one state of facts existed, *each party*, by his pleading, made an independent action for affirmative relief, and only the determination of *both* cases thus made could be an *examination of the decision* of that case presented in the record. Nuzum sued *quia timet*, standing on a full legal title, and the land vacant. Douglass answered, denying Nuzum's case, and then by *counterclaim* sued *quia timet*, standing on a full legal title, and *actual possession*, and, as his title set up, (with proper exhibits) three several *recorded tax-deeds*. Nuzum by reply joined issue on the case made by Douglass. On trial, Nuzum tendered his patent in evidence, and proof of land being vacant, Douglass objected that the petition did not state a case, and over his objection the evidence was received. Douglass then offered evidence in *support of his case*, and which covers 100 pages of record, and Nuzum in rebuttal offered evidence. The district court found for Nuzum, and decreed that his title be quieted.

The entire record makes a "case made," costing $69 to copy, and was a trial of every question of title between the parties on *issue tendered* by Douglass on his *counterclaim*. This court holds *the petition bad*—that the admission of evidence in favor of Nuzum was error—and here stops with an order for a new trial. What was done by this court with *the issue joined* on the action set up in Douglass' counterclaim, and the decision of the district court thereon? Such issue was tried, decided, and *that case* is fully contained in the record, and necessarily a part of the case submitted to this court. Had the district court sustained objection to evidence under petition, such decision would not have terminated the case. Douglass had a case in that action which he was entitled to have tried, *and which was tried*, as he had demanded, (Civil

Code, § 398,) and was decided adversely to him. Had plaintiff at trial dismissed under § 397, and the trial proceeded under § 398, would not the record present just the case now contained, within the law as now held by this court? Douglass, because sued, was not bound to sue in turn. His counterclaim was *his voluntary suit*, and he cannot complain of the decision made thereon, that he was not legally in court. On his case asking *affirmative relief* the decision complained of was rendered. How can this court, or why should it, avoid deciding *that* case? Did not Douglass ask to have the trial had? and can a more full trial ever be had? If sent back and re-tried, the district court must again decide the issue of trial as before decided, and again the same record will be returned here. As a question of practice, the district court may have erred in admitting evidence under plaintiff's petition; but such evidence was proper in opposition to the case made on Douglass' counterclaim. In such case, Douglass would have taken the affirmative; but would such step have prejudiced any right, substantial or otherwise? In this view of the case, does not that case of estoppel intimated in opinion filed, exist to fullest extent? (See *Wiley v. Keokuk*, 6 Kas. 104.)

The three tax-deeds plead by Douglass as against him on his counterclaim, show a possession within § 118 of the tax law, and also an adverse claim to the premises set up by him. This obtains, not because such instruments either have or ever may have any virtue *as conveyances*, but because *they give color* under which a possession may be claimed. And this, however invalid. (9 Wis. 402, 410; 5 Kas. 145.)

The abolition made by our code embraces not alone "forms," but all "distinctions between actions at law and suits in equity." The office of § 594 is peculiarly "to try title to land," while under § 595 the rightful *possession* may alone be in issue. As the object of litigation should be to determine the rights of the litigants, the rule given in *O'Brien v. Creitz*, 10 Kas. 202, is in full harmony with the code in holding that legal title to vacant land will sustain action to quiet title.

But should the present decision be adhered to, only the costs in *that case reversed*, should be taxed against defendant in error. The long record presented here grew out of no *defense* made to the plaintiff's case, but out of a case which the defendant could have made just the same had plaintiff never sued.

The opinion of the court was delivered by

BREWER, J.: An opinion having been filed in this case, in which this court held that the petition of defendant in error, plaintiff below, was insufficient, and (proper objection having been made thereto in the district court) that that court erred in proceeding to receive evidence and try the case, and therefore that the judgment ought to be reversed, the defendant in error has filed his motion for rehearing, contending, first, that we erred in our conclusions as to the essentials of a petition, and that the petition herein ought to be held sufficient; second, that, as the case was really tried upon the different titles set up by plaintiff in error, and all adjudged bad, this court should also examine those various titles, and adjudicate upon their validity; and third, that at least all the costs should not be taxed up against defendant in error, as the bulk of the case made is composed of the evidence offered by defendant below in support of his answer.

Further examination and reflection have only strengthened our conviction of the correctness of the views heretofore expressed, and therefore the motion for a rehearing must be overruled; or rather, (as a rehearing was ordered, the judgment of this court set aside, and the mandate recalled, in order to give us full time for reëxamination,) the same judgment will now be entered, reversing the judgment of the court below, and remanding the case for further proceedings.

As to the second matter, we find that the defendant rested his claim to the land upon mere tax-deeds. One of these the court admitted in evidence, and the other eight it rejected. As to the one admitted, it found that it was invalidated by matters *aliunde* the deed, and thus adjudicated defendant's

entire claims void. If upon an examination of these various tax-deeds we should be of opinion that they were all void on their face, we might probably end the controversy between these parties by this opinion; but if on the other hand we should find some or all of them *prima facie* valid, that would not necessarily be conclusive of the controversy, for *non constat* that the deeds might not all be overthrown by other evidence. We shall not therefore attempt an examination of all, but content ourselves with noticing the three last offered, (those appearing on pages 103, 107, and 111, of the transcript.) These deeds appear to follow the statutory form so closely, that they must be held to be, in the language of the statute, "substantially" in that form, and therefore *prima facie* valid. At least, no departure from that form is suggested by counsel which seems to us substantial. In reference to them we remark further, that if all the proceedings up to the execution of a tax-deed are regular and legal, the holder of the certificate is entitled to a deed in legal form, and carrying that *prima facie* evidence of the regularity of all prior proceedings which belongs to a statutory deed; and if through mistake or inadvertence a different deed, and one substantially departing from the statutory form has been executed, the county clerk can be compelled by mandamus, and may without it, execute and deliver a deed in correct and statutory form. In other words, neither the power nor the duty of the county clerk is exhausted by the execution of an irregular and improper deed. The holder of the tax claims is entitled to have the various steps and processes by which these claims are matured into perfect titles, properly and legally taken and done by the various officers to whom under the law they are respectively assigned. We remark again, that, as decided in *Morrill v. Douglass*, 14 Kas. 293, 302, the payment of one year's taxes is sufficient consideration to sustain a tax-deed. Hence, when A. purchases a tract of land at the tax sale for one year, B. the succeeding year, and A. again the third year, the tax-deeds issued upon those respective sales may each and all be good as against the original owner of the land.

Other questions appear in the record, but most of them have received notice in one or another of the various tax cases recently considered in this court. We forbear therefore further notice of them at this time.

As to the remaining question, that of costs, we think the judgment of reversal should carry all the costs. We know of no reason why a party when sued may not resort to all the defenses he has to the action, or why he should be compelled to pay the costs incurred in presenting those defenses. He did not invite the litigation, and is not to be blamed for the number of his defenses, or charged with the costs of presenting them.

The judgment of reversal heretofore set aside, will be re-entered, and cause remanded for further proceedings.

All the Justices concurring.