## HOWARD M. SALE, *et al.*, V. LEWIS BUGHER.

1. SET-OFF, *Trial of; Plaintiff's Pleading thereto.* When, after the dismissal by the plaintiff of his cause of action, the defendant insists upon a trial of his set-off or counter-claim, the plaintiff may make any legal defense to such set-off or counter-claim, and to that end may, in the discretion of the court, be allowed to file proper pleadings presenting such defense.

2. COUNTER-CLAIM— *Defendant's Relation thereto.* When, after dismissal by the plaintiff, the defendant elects to go to trial upon his counter-claim, he stands in the relation of plaintiff to that cause of action, both as respects his pleading and his proof, and a substantial omission in either is as fatal to his recovery as though he were prosecuting an original and independent action.

*Error from Saline District Court.*

ACTION brought by *Bugher* against *Sale* and two others, to quiet the title to a certain quarter-section of land in Saline county. The facts appear in the opinion. Trial by the court, at the November Term, 1879, and judgment for the plaintiff. The defendants bring the case here.

*John Foster,* for plaintiffs in error.

*John G. Spivey,* and *W. S. Stambaugh,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On the 11th day of March, 1879, Lewis Bugher commenced his action in the district court of Saline county, against Howard M. Sale, J. M. Greeley and one E. E. Bowen, to quiet the title to the northwest quarter of section twenty-eight, in township thirteen, south, range one, west, in said county, alleging in general terms that he held the legal title and was in peaceable possession of the same, and that said defendants had, or claimed to have, some estate in said premises, etc. The said Sale and Greeley answered, setting up the general issue, and also alleging the same causes set up in Bugher's petition and in language similar. Bugher first

made a motion to strike out the second cause of defense, which was overruled. At the next term of court, Bugher moved to dismiss his action without prejudice. The then defendants, now plaintiffs in error, objected, claiming a right to proceed to trial on their second cause of defense. The court sustained the motion of Bugher, but also decided that Sale and Greeley had the right to proceed to a trial of their second cause of defense, and gave judgment for all costs then accrued against Bugher. Bugher, after his motion to dismiss his action was sustained, was also granted leave, over objections by Sale and Greeley, to file a reply, and thereafter, also an amended reply denying defendants' answer, and setting up that he was owner in fee. The case came on for trial on the second cause of the answer and the amended reply. The court found:

"That the defendants were not, at the commencement of this action, and are not now, in possession of the land in controversy, but that the plaintiff, Lewis Bugher, is in possession — not residing upon it, but occupying it and raising crops thereon. There are no buildings upon it.

"The court finds, as conclusions of law, that the said defendants had no possession of the land in controversy, and cannot maintain the form of action set forth in the second cause of their said answer."

The first proposition of counsel is, that the court erred in permitting plaintiff, after dismissing his cause of action, to come in and defend against defendants' claim. We see no error in this. The fact that a plaintiff dismisses his cause of action, is not an admission of the validity and sufficiency of defendants' counter-claim, nor does it preclude him from making any legal defense thereto. Suppose, for instance, that the plaintiff had sued on an account for goods sold and delivered, and the defendant had answered with a counter-claim for work and labor: must the plaintiff, if for any reason compelled to dismiss his cause of action, be held to admit the defendant's counter-claim, or to be precluded from any defense thereto? Such a construction would work monstrous injustice. By dismissing his cause of action, the plaintiff does not put himself entirely out of court. If he did, the

defendant could not proceed. He remains in court for the trial of defendant's counter-claim, and that goes to trial as though defendant were plaintiff and had sued upon this claim. Any defense which the plaintiff may have thereto, he may interpose, and the ordinary rules control as to the discretion of the court in permitting the filing of amended pleadings. Of course, the plaintiff is limited, after the dismissal of his cause of action, to his defense or defenses to the defendant's counter-claim. This was all that was attempted in this case, and we see no error in the court's ruling in this respect.

So far as the finding of fact is concerned, it is fully sustained by the testimony. It was clearly shown that while there were no buildings upon the premises, the land had been in the possession of plaintiff and been cultivated by him for some two or three years. Not that it had all been broken, for this seems to have been true of only some twenty-five or thirty acres, yet on the rest the plaintiff had men employed in putting up hay; so that it could fairly be said that he had occupied and cultivated the premises for some two or three years.

Counsel contends that notwithstanding this lack of possession, the court should have adjudicated defendants' claim of title; that the defendants had been brought into court by the plaintiff, and ought not now to be sent out upon a mere technicality. But when a defendant insists, notwithstanding the plaintiff's dismissal of his cause of action, upon a trial on the cause of action set up in the answer, he becomes himself a plaintiff, and must state in his pleading a good cause of action, and support that by proof. He voluntarily assumes the affirmative, and must stand or fall upon the merits of his own pleading and proof. He occupies the same attitude as though he were prosecuting an original and independent action. It appears from the testimony that each party's title was a tax deed — that of the plaintiff founded upon the taxes of 1870, 1871, 1872, and 1873, and that of defendants upon those of 1874, 1876, and 1877. The defendants alleged possession, and framed their pleading under the statute to quiet title.

The pleading was sufficient, but their testimony showed that they were not in possession. After they had rested, plaintiff demurred to the evidence. This demurrer should have been sustained, as they had failed to prove one of the material averments, to wit, that of possession. (*Douglass v. Nuzum*, 16 Kas. 515.) But the demurrer was overruled, and the plaintiff introduced his testimony. This not only failed to supply the defect as to possession, but showed clearly a possession in the plaintiff. The court thereupon rendered the proper judgment, dismissing defendants' cause of action at their costs. It is the judgment which should have been entered upon the demurrer, the same that would have been entered if this had been an independent action on the part of the defendants.

This judgment does not determine the ultimate rights of the parties to the land, but we think it was the proper judgment under the pleadings and proofs, and it must therefore be affirmed.

All the Justices concurring.