SHEPARDSON VS. GREEN.

WAREHOUSE RECEIPT *on warehouseman's property :  Rights of purchaser in good faith without notice.*

1. Ch. 840, Laws of 1860, "concerning warehouse receipts and bills of lading;" was not intended to repeal or in any manner modify the general law (R. S., ch. 107,

sec. 9), which declares that no mortgage of personal property shall be valid, except as against the parties thereto, unless accompanied with possession or filed as there directed.

2. Where one purchases for value from a warehouseman goods belonging to him and remaining in his possession, but upon which he has issued a receipt to a third person as security for money loaned, even if the purchase is made with notice of the existence of such receipt, the receipt is void, and the lien of the holder gone.

APPEAL from the County Court of *Milwaukee* County.

Action for damages for a conversion by defendant of a lot of coal alleged to be the property of plaintiff. In October, 1864, X. Y. & Co., coal dealers in Milwaukee, to secure the plaintiff, who had signed with them as surety a note for $5,000, assigned to him a bill of lading for 200 tons of coal, which was then *in transitu;* and on the 1st of November following, said coal being then in their possession, they gave plaintiff a warehouse receipt for the same with other coal. The coal conveyed by said receipt was kept in the yard of X. Y. & Co., and they sold and delivered portions thereof to their customers in the usual course of their business, receiving the proceeds, and appropriating them to their own use; and on the 31st of January, 1865, defendant (who was also a dealer in coal in said city), without any knowledge of the plaintiff's claim, purchased all the coal then remaining in the possession of X. Y. & Co. Before he removed to his own yard the lot of coal here in question, and before paying for any part of the whole stock so purchased, defendant was notified of plaintiff's claim.

The court instructed the jury that plaintiff had shown no title as against defendant. Verdict and judgment for defendant; and plaintiff appealed.

*Peter Yates,* for appellant, to the point that plaintiff could recover for the 200 tons included in the bill of lading assigned to him, cited *Wilkes v. Ferris,* 5 Johns., 335. As to his right to recover for the whole amount covered by the warehouse receipt, he cited *Welles v. Marsh,* 30 N. Y., 344; Collyer on Part., § 384.

*Matt. H. Carpenter*, of counsel, on the same side, argued that there was a valid conveyance to plaintiff, as between him and X. Y. & Co., independently of the statutes in relation to warehouse receipts; and that the defendant was not a *bona fide* purchaser without notice of plaintiff's rights, and therefore the title of the latter was equally good as against him. 2. That under ch. 340, Laws of 1860, the "warehouse receipt" was conclusive evidence of title as against all the world.

*John W. Cary*, for respondent.

DIXON, C. J. It is obvious to us that the act concerning warehouse receipts and bills of lading (Laws of 1860, ch. 340), was not intended to repeal or in any manner to modify the general law (R. S., ch. 107, sec. 9) as to the requisites and validity of mortgages of personal property. If it had been so intended, it is easy to foresee the many evils which must have resulted. Instead of protecting the public against the fraudulent acts of warehousemen, wharfingers, masters of boats and vessels, and the officers and agents of railroad, express and transportation companies, as was the design, it would have opened wide the door for all sorts of mismanagement and deception on the part of such persons, and no one could have purchased or received from them goods or personal property in their possession, with any kind of safety. The whole, by the delivery of a receipt, which it would have been impossible for the purchaser to have found out, might have been mortgaged to some third party for its full value. We should hesitate long before we should give such a construction to any act, unless its language was so explicit as to admit of no doubt.

The second section of the act, in connection with the penalties imposed by the seventh, was intended to secure good faith on the part of warehousemen, wharfingers and others in the issuing of receipts, &c., which, when issued, were to have the same effect as they had before the act was passed. If issued

by a warehouseman upon his own property in store, as security for the payment of money loaned or otherwise, it is good only as between the immediate parties. As against subsequent purchasers for value from the warehouseman, even with notice of the existence of the receipt, the property still remaining in the warehouseman's possession, the receipt is utterly void, and the lien or interest of the holder gone by operation of the general law above referred to. *Single v. Phelps*, 20 Wis., 398. The sixth section of the act relates to goods, wares &c., *stored, shipped or deposited* with any warehouseman or other person *by some third party;* and such receipts are made transferrable by indorsement. It follows that the jury were correctly instructed to find a verdict for the defendant, and that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.