MURPHEY, Survivor, etc., vs. SHEPARDSON.

*April 9 — May 15, 1884.*

ATTORNEY AND CLIENT.  *(1, 2) Compensation: findings: evidence.*

1. Findings of a referee as to the value of certain legal services are *held* to be sustained by the evidence.
2. In an action to set aside tax certificates which were alleged to create a cloud upon title, a demurrer to the complaint was sustained upon the ground that the certificates were void upon their face and created no cloud.   The plaintiff's attorneys had expected such decision when they commenced the action.   In an action by them to recover the value of their services, a referee found that such decision was of no benefit to their client, and disallowed their claim.   *Held,* that such finding is not warranted by the evidence, and that they may recover reasonable compensation.

APPEAL from the County Court of *Milwaukee* County.

The facts sufficiently appear from the opinion.   The county court confirmed the report of the referee and rendered judgment in favor of the plaintiff for the amount found due.   From that judgment the plaintiff appealed.

*D. H. Johnson*, of counsel, for the appellant.

For the respondent there was a brief signed by *E. P. Smith* and *Nath. Pereles & Sons*, attorneys, and *D. G. Rogers*, of counsel, and the cause was argued orally by *Mr. Smith*.

COLE, C. J.    This action is prosecuted by *Newton S. Murphey*, as surviving partner of the firm of Carpenter & Murphey, to recover for certain professional services ren-

dered and disbursements made in certain actions wherein the defendant was a party. The plaintiff's counsel stated in his argument that the items charged in the plaintiff's account for disbursements were allowed substantially, and that a satisfactory allowance was made for professional services charged in all suits except in the five named hereafter. We shall therefore confine our attention to the findings and evidence relating to these cases. It is not deemed necessary to discuss in detail the facts or the history of these several cases, or refer specially to the services rendered in them.

The case of *Lain v. Shepardson* was tried in the circuit court, and the amount charged in the bill of particulars attached to the complaint for services was $500. The amount allowed by the referee was $250. In respect to this charge the statement of defendant's counsel is fully borne out by the record that the great preponderance of evidence relating to it sustains the finding of the referee. Eminent counsel testified on the part of the plaintiff that the charge of $500 was a reasonable one, while on the other hand several able and distinguished lawyers testified that the value of these services was not greater than the sum allowed by the referee. Of course, in this conflict, the finding of the referee must stand.

The next case is that of *Shepardson v. Green*, where the plaintiffs charged for their services $350. In respect to this case, the referee found that there was a special agreement made by Mr. Carpenter with the defendant, by which the former was to have $50 certain for his services in that suit, and if he succeeded, $200; that the plaintiffs did not succeed in the action, and that the $50 had been paid by the defendant to Mr. Carpenter before the commencement of this suit. Consequently, the referee wholly disallowed the charge made in that case. It seems to us impossible to affirm that the clear weight of evidence is against this finding. A letter was introduced on the trial which was writ-

ten by Mr. Carpenter to the defendant, dated August 1, 1868, in which Mr. Carpenter states that an arrangement had been made by Mr. Yates, on behalf of the defendant, " in regard to two cases relating to Tibbets and the coal matter," by which he was to have $50 certain, and $200 contingent upon *Shepardson's* prevailing in the cases. In his deposition Mr. Carpenter says, according to his best recollection, the cause in which the $350 charge is made in his bill was not one of the cases mentioned in his letter and embraced in the arrangement of which he speaks. He thought the cases referred to in his letter were an action at law between *Shepardson* and Green and an action by some bank against *Shepardson* and others. But *Mr. Shepardson* testified that the letter referred to two suits he had with Green about some coal. The records show two suits by *Shepardson* against Green (see 21 Wis., 539; 29 Wis., 34), and the probabilities are that these are the suits which Mr. Carpenter spoke about. At all events, the referee so finds on the evidence, and that ends the inquiry.

Pending the motion in the county court to modify the report of the referee, the plaintiff filed an affidavit, and asked leave to introduce additional records, or to re-refer the cause to take further proofs for the purpose of showing a case in court of the *Merchants' Bank v. Dowe, Shepardson, and Tibbets*, in order to raise the inference that this was one of the cases which Mr. Carpenter referred to in his letter. This application was denied, and no error can be predicated upon that ruling of the court. The delay in discovering this additional evidence, and failure to produce it before the referee, were utterly inexcusable, as the defendant's counsel insists.

The next controverted item is for services in the suit of *Yates v. Shepardson*, where $2,500 was charged, and $1,000 was allowed by the referee. There is also a great conflict in the testimony as to what would be a reasonable and fair compensation for the services which *Mr. Murphey* testified

were rendered in that case. But the observations which have been made, to the effect that the finding of the referee, where it is authorized by the evidence, must stand, fully dispose of all objections in regard to the finding on this point. It is true, *Mr. Murphey* testified that he attended eighteen days in the Yates case to the taking of testimony and arguing the cause before the referee, prior to the existence of the firm of Carpenter & Murphey. It was proved that all charges for the services rendered by Mr. Carpenter and those rendered by *Mr. Murphey* in the case, both before and after the formation of the firm of Carpenter & Murphey, should belong to and be the property of the firm. *Mr. Shepardson* testified, in substance, that he retained the firm of Carpenter & Cogswell to manage the suit of Yates against him. He says that he never employed *Mr. Murphey* to attend to it, and while he was cognizant of the fact that *Mr. Murphey* attended to the taking of the testimony before the referee, yet he supposed that *Mr. Murphey* was employed by his attorneys for that purpose, and rendered that service for them. He likewise produced a receipt for $500, given him July 8, 1869, by Mr. Cogswell, in the name of the firm of Carpenter & Cogswell, which purported to cover the services of *Mr. Murphey* before the referee. And the referee found that *Mr. Murphey* rendered no service for the defendant in the Yates case before the referee, but that the defendant was represented by Carpenter & Cogswell before the referee, and that their services had been fully paid prior to the commencement of the suit. But the referee did allow for all services rendered by the firm of Carpenter & Murphey in the circuit and supreme courts the sum of $1,000. And, as we have said, there is ample testimony to sustain the finding that this was a just compensation for their services in that matter.

The last disputed item in the account is the charge for services in the cases of *Shepardson v. County of Milwaukee*

and *Shepardson v. City of Milwaukee.* The charge made for services in these two actions was $550, which was wholly disallowed by the referee on the ground that the plaintiffs knew, when they brought these suits, that they could not succeed in them; that the defendant was not advised that he had a complete remedy in another form under the statute; and that he received no benefit from the decisions which were made therein, but was unnecessarily rendered liable for the costs in the actions. The suits were brought for the purpose of having certain levies of taxes and assessments on defendant's lands, sales made, and tax certificates issued thereon, adjudged void, for the reason that they constituted a cloud upon his title. It was alleged in the complaints that the levy and assessment of the taxes set forth, and the sales and tax certificates issued thereon, were illegal and void because the description of the land in the several assessments, sales, and certificates was so uncertain, indefinite, and vague as to render them void. The defendants demurred to the complaints, and the county court sustained the demurrer in each case. The county case was appealed to this court, and it was stipulated that the city case should abide the result of the county case. This court sustained the demurrer on the ground that the tax certificates were void upon their face, and created no cloud upon the title. See 28 Wis., 593. Of course, the case was considered solely with reference to the allegations of the complaint. · But this court had previously decided in the case of *Head v. James,* 13 Wis., 641, that a tax deed which was void on its face for uncertainty in the description, constituted no cloud upon the title; and that a court of equity would not exert its jurisdiction to cancel an instrument absolutely void upon its face. *Mr. Murphey* testified that he was aware of this decision when he commenced the suits above mentioned, and that he anticipated the court would decide those cases as it did. But he said the object of each suit was to obtain an ad-

judication which would practically "wipe out the tax entirely."

It is not necessary, in our view, to decide here the precise legal effect which the decision in the above case would have in any subsequent litigation involving the validity of the tax certificates, or of tax deeds issued on them. It is sufficient to say now that the decision might have been, and doubtless was, of advantage to the defendant in more ways than one. As a result of such decision, probably, *Mr. Shepardson* was not called upon to pay the taxes which were assessed against his property, and which were involved in that litigation. Certainly, he did not pay them, as he states in his testimony. Besides, as plaintiff's counsel argues, the decision which was made would have the obvious effect of relieving the defendant from all embarrassment in the sale of his land, and from all further apprehension as to these tax certificates, assuming that they were correctly described in the complaint. We therefore see no sufficient reason for denying the plaintiff a reasonable compensation for the services rendered in the management of those cases. We are constrained to differ *in toto* with the finding of the referee, which, we think, is entirely unwarranted upon the evidence. The struggle before the referee was to show that the adjudication in the above cases could be of no possible benefit to the defendant, rather than in respect to the amount charged for the services. It is possible that the court, upon the evidence given, can determine what would be a just and reasonable compensation for these services. If not, the parties are at liberty to introduce further testimony bearing upon that point alone. But the case is not open upon any other question involved.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.